## No. 5722.

## S. Y. COLLINS *v.* JAMES W. KAY.

1. STATEMENT OF FACTS.—Time was allowed, by order entered of record, for the making up, signing and filing of a statement of facts within ten days after the adjournment of the term; within the ten days, and at a time designated by the judge, the opposing counsel having failed to agree, delivered their respective statements to the judge, who failed to make up and file a statement of facts before the expiration of the ten days. *Held:* That, in the absence of the provision made by the Twentieth Legislature (General Laws, p. 17), it would be held that such a failure on the part of the trial judge would require a reversal of the judgment rendered.

2. TRESPASS TO TRY TITLE—IMPROVEMENTS.—When the verdict in trespass to try title, rendered in a cause in which there is a claim for improvements, made in good faith, is not responsive to the issues required to be passed on in Article 4814, Revised Statutes, the judgment must be reversed.

APPEAL from Wichita.    Tried below before the Hon. B. F. Williams.

The opinion states the case.

*Hunter, Stewart & Peacock, William W. Flood* and *R. E. Ruff,* for appellants.

*Wittich & McBride* and *R. Cobb,* for appellees.

ACKER, JUDGE.    The court below overruled appellant's mo-

tion for new trial on the last day of the term, and made an order granting leave to file the statement of facts within ten days after adjournment. The judge left for his home in an adjoining county immediately after adjournment, having agreed with counsel for appellant that he would return on the seventh day thereafter and examine and act on the statement of facts. On the night of the seventh day after the adjournment, the judge returned to the place of the trial, and counsel having failed to agree upon a statement of facts, they delivered their respective statements to the judge, informed him of their disagreement and requested him to prepare and file the statement of facts. This he failed to do, until after the expiration of the ten days allowed by the order of court.

It is insisted by appellants in their first and second grounds of error assigned, that the judge erred to their serious injury in failing to prepare and file in the manner required by law, the statement of facts. It is provided by the Revised Statutes, article 1378, that: "If the parties do not agree upon such statement of facts, or if the judge do not approve or sign it, the parties may submit their respective statements to the judge, who shall, from his own knowledge, with the aid of such statements, during the term, make out and sign and file with the clerk a correct statement of the facts proven on the trial, and such statement shall constitute a part of the record."

Article 1379 provides, that: "The court may, by an order entered upon the record during the term, authorize the statement of facts to be made up and signed and filed in vacation, at any time not exceeding ten days after the adjournment of the term." The statement of facts in this case has been stricken from the record on motion of appellees, because it was not filed within the time prescribed by law, and the question is here presented, whether the failure of the judge of the court below to "make out and sign and file with the clerk a correct statement of the facts proven on the trial" as required by the statutes. supra, is such error as requires reversal of the judgment.

Under the rule of proceedure prescribed by the act of the Twentieth Legislature, General laws, page 17, the statement of facts might be restored to the record upon proper motion for that purpose; and in the absence of the provision made by the act of the twentieth Legislature above alluded to, we would feel constrained to hold on the authority of the decisions of other courts and the intimation of this court (Railroad Co. v.

Opinion of the court.

Underwood, 67 Texas, 594), that such failure upon the part of the trial judge, where the attention of this court is called to it by proper assignment of error, would require reversal of the judgment.

The twelfth assignment of error questions the sufficiency of the verdict. It is insisted that the verdict is not responsive to the charge of the court in that the jury were instructed to find the value of the land exclusive of improvements, and also to find the value of the use and occupation, in the event they found for plaintiff for the land, and in favor of defendants on their claim for improvements. The verdict contains no finding on the value of the land exclusive of improvements, nor on the value of the use and occupation. The verdict was for plaintiffs for the land and for defendants for two hundred dollars, as value of improvements.

Where defendants have filed their claims for an allowance for improvements, our Revised Statutes, article 4814, require that the court or jury passing upon the issues of fact shall find from the testimony:

1. The value at the time of trial of such improvements as defendants would be entitled to recover for.

2. The value of the use and occupation for the time fixed by statute, exclusive of the improvements for which defendants are entitled to recover.

3. The value of the premises recovered, without the improvements made as aforesaid. These were issues in the case necessary to be decided by the jury before the rights of the parties could be adjusted and a valid judgment rendered. (Wortham v. Boyd, 66 Texas, 406.) The court correctly instructed the jury on these issues, but the verdict is not responsive to the charge, and the attention of the court below was called to this error by the motion for new trial, and we think the court erred in refusing to grant it.

There being no statement of facts in the record, other errors assigned will not be considered.

For the error indicated, we are of opinion that the judgment of the court below should be reversed and the cause remanded.

*Reversed and Remanded.*

Opinion adopted December 20, 1887.