### M. G. BRADFORD ET AL. v. THOMAS J. KNOWLES ET AL.

#### No. 691.

**1.   Trial Court's Conclusions of Fact—Filing Below.**

The trial court's conclusions of fact must be filed during the term at which the trial was had, or they will not be recognized on appeal.   The provisions of the statute authorizing the Courts of Civil Appeals to recognize bills of exceptions under certain circumstances, although not signed by the judge, have no reference to conclusions of fact.

**2.   Same—Practice on Appeal—True Date of Filing May be Shown.**

Although the record be made to show that the trial court's conclusions of fact were filed below during the term, this will not preclude inquiry into the truth of the matter, since the Courts of Civil Appeals may ascertain, by affidavit or otherwise, any fact necessary to the exercise of their jurisdiction.

**3. Same—Error Not Available, When.**

Where, on the last day of court, appellant's attorney knew that the trial judge would not file his conclusions of fact until after adjournment for the term, and did not take a bill of exceptions to such failure to file them during the term, he is not entitled on appeal to have the judgment reversed because of such failure to file them in due time.

APPEAL from Guadalupe.    Tried below before Hon. THOMAS H. SPOONER.

*W. M. Rust* and *W. E. Goodrich,* for appellants.

*John Ireland, W. R. Neal* and *McNeal, Harwood & Walsh,* for appellees.

JAMES, CHIEF JUSTICE.—There is no statement of facts in the record. It contains, however, conclusions of fact, appearing to have been filed during the term at which the cause was tried, also a number of bills of exceptions relating to testimony, which also appear from the record to have been filed during the term.   So far as the record shows, there is no reason why this court should not consider both the conclusions and the bills of exceptions.

Appellant assigns as error, that the bills and the conclusions were not in fact filed by the judge until nine days after adjournment, although appellant had caused the bills to be presented to the judge during the term and ten days before adjournment, and also had before adjournment in writing requested him to file conclusions of fact and law, and claims that his rights have been violated by said proceeding.

The matter being assigned as error, we are of opinion that it is our duty, when it is called to our attention that the record has been made to show conclusions of law and fact to have been filed during the term when such was not the case, and thereby this court is improperly asked to exercise its jurisdiction to revise the judgment, to determine the facts, and if substantiated, to decline to recognize the conclusions, and where one who has sought to perfect his appeal, and has failed to do so through the act of the court, without any fault of his own, this court should afford relief by reversing and remanding the cause for another trial.   Hilburn v. Preston, 32 S. W. Rep., 702;  Collins v. Kay, 69 Texas, 365;  Railway v. Underwood, 67 Texas, 590.   The statute is, that this court may ascertain by affidavit or otherwise any fact necessary to the proper exercise of its jurisdiction.

Appellant has accordingly made a motion to have the judgment reversed and the cause remanded, based on the above assignment.   It is shown conclusively that the court adjourned a week before the time fixed by law;  that the bills of exceptions were presented and the conclusions requested before adjournment;  that the judge adjourned court and took the bills home with him, and nine days afterwards returned the bills (refusing one), and also his conclusions of law and fact, to the clerk, directing him to file them as of the last day of the term, which was done.

It is a proper inquiry in this connection, from these affidavits, whether or not the appellant has placed himself in a position where he can complain of the failure of the court to file conclusions during the term. It has been repeatedly held that a party cannot complain of such failure except upon bill of exceptions thereto, which, like other bills, must necessarily be filed during the term. We are satisfied from the affidavits before us that appellant's counsel was informed on the day of adjournment that the judge was to adjourn the court that day, and intended to file the bills and the conclusions afterwards, as was done, and counsel had the opportunity, if he had desired to do so, to have taken a bill of exceptions to the failure or refusal. Had this been done, appellant would have been entitled to a reversal of the judgment. He has therefore placed himself in a position not to be able to complain of the failure to file conclusions, and he took no steps to obtain a statement of facts. The case stands precisely as if he had failed to ask for conclusions. Under these circumstances, the bills of exceptions, had they been filed during the term, could not possibly have been of any benefit to him. Railway v. Locklin, 87 Texas, 467. This leads us to conclude that a case is not presented for a reversal.

We are of opinion that we should not recognize the conclusions of fact. The statute, although it does not expressly so state, contemplates that they should be filed during the term. Maverick v. Burney, 30 S. W. Rep., 566. The decisions of the Supreme Court which hold that a failure to file them cannot be taken advantage of except by a bill of exceptions (which can be filed only during the term), clearly indicate that such is the meaning of the statute. Landa v. Hermann, 85 Texas, 1; Cleveland v. Sims, 69 Texas, 153, and cases cited. Under section 24 of the act organizing these courts, we may recognize bills of exceptions, under certain circumstances, although not signed by the judge, but this has no reference to conclusions of fact.

It is certainly not a proper exercise of our jurisdiction to dispose of an appeal on a statement of facts filed in contravention of law. The fact that the record is made to indicate that it was prepared and filed in time, does not preclude inquiry into the question. What is not in law a statement can be ascertained to be such in this court, and will be treated accordingly.

The judgment is affirmed.

*Affirmed.*

Delivered November 13, 1895.

Writ of error refused.