MISSOURI, K. & T. RY. CO. et al. v. WILLIAM CAMERON CO., Inc.

(Court of Civil Appeals of Texas. March 8, 1911. Rehearing Denied April 12, 1911.)

1. APPEAL AND ERROR (§ 1071*)—HARMLESS ERROR—CONCLUSIONS OF FACT AND LAW—TIME FOR FILING FINDINGS.

Where, prior to the adjournment of the term, defendant requested the judge to file conclusions of law and fact, which he failed to do within 10 days after the adjournment, it constituted reversible error, unless his failure to do so did not result in harm to the defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4234–4239; Dec. Dig. § 1071.*]

2. APPEAL AND ERROR (§ 1071*)—FINDINGS—PREJUDICIAL ERROR.

Where plaintiff based his action upon an agreement to pay certain interest, and, if the agreement was not proved, then for legal interest, and defendant denied the agreement, and set up accord and satisfaction, and in the conclusions the trial judge found in favor of defendant on the agreement, but made no finding on the question of accord and satisfaction, and there was evidence to support the latter issue, it cannot be said that defendant was not injured by the failure of the trial judge to file conclusions of fact and law within the proper time.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4234–4239; Dec. Dig. § 1071.*]

3. INTEREST (§ 37*)—SALES—DELAYED PAYMENTS.

Where plaintiff, at various times, sold defendant various car loads of lumber at agreed prices, to be paid for within 60 days from each sale, and payments were not always made when due, it did not constitute an open account; and if there was no agreement to pay interest at a different rate, then each item bore interest at the legal rate of 6 per cent. from maturity thereof.

[Ed. Note.—For other cases, see Interest, Cent. Dig. §§ 77, 78; Dec. Dig. § 37.*]

Appeal from McLennan County Court; Tom L. McCullough, Judge.

Action by the William Cameron Company, Incorporated, against the Missouri, Kansas & Texas Railway Company and others. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

Coke, Miller & Coke and W. R. Saunders, for appellants. Sleeper, Boynton & Kendall and Edgar E. Witt, for appellee.

KEY, C. J. Appellee brought this suit against appellants, seeking to recover a certain sum of money upon certain indebtedness formerly owing from the defendants to the plaintiff. The defendants, in addition to a general denial, pleaded a full settlement, by which they paid certain sums to the plaintiff in full settlement of all indebtedness. There

was a trial without a jury, which resulted in a judgment for the plaintiff, and the defendants have appealed.

We sustain the first assignment of error, which complains of the action of the judge in failing to file findings of fact and conclusions of law within 10 days after the court adjourned for the term. The judgment was rendered February 3, 1910. The motion for new trial was overruled and notice of appeal given on the 9th, and the court adjourned for the term on the 19th day of the. same month. The bill of exceptions shows that prior to the adjournment of the court the defendants, orally and in writing, requested the trial judge to file conclusions of law and fact, which he failed to do within 10 days after the adjournment of the court. After the term referred to had expired, and on March 24, 1910, the judge filed conclusions of fact and law. A statement of facts was also prepared and filed.

[1] Following what we understand to be the doctrine announced by our Supreme Court in Wandry v. Williams (Sup.) 124 S. W. 85, we hold that the failure of the trial judge to file conclusions of fact and law within 10 days constitutes reversible error in this case. It is true that in the case cited no conclusions of law and fact were ever filed, and there was no statement of facts. But in that case a statement of facts could have been prepared and filed if the appellant had desired it; and the conclusions of fact and law filed in this case were not filed within the time prescribed by the statute. The statute allows the trial judge only 10 days after the adjournment of court within which to file conclusions of fact and law, and, following the analogy in reference to the filing of a statement of facts, it would seem that a judge has no authority to file conclusions of fact and law after the time allowed by statute, and that when filed subsequent to 10 days after adjournment they should be disregarded and treated as a nullity.

But, if that rule should not apply, we think a reversal should follow from the judge's failure to file conclusions of fact and law, when so requested within the time prescribed by statute, unless it is made to appear that his failure to do so has not resulted in harm to the complaining litigant. [2] In the case at bar the plaintiff presented two theories, upon which a recovery was sought. One was an agreement to pay interest after maturity of the several debts at the rate of 8 per cent. per annum, and the other was that, if such agreement was not proved, then plaintiff claimed legal interest, or 6 per cent. per annum. The defendants denied the existence of any contract to pay interest, and also alleged facts showing a full settlement or accord and satisfaction. In the conclusions filed the trial judge made a finding in favor of appellants on the first

———

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

question referred to, but made no finding whatever on the other question—that of estoppel, resulting from payments tendered in full settlement of all demands and accepted by the plaintiff. There was testimony tending to support appellants' contention on the latter issue; and, as the conclusions of fact and law which were finally filed do not cover that phase of the case, we hold that it is not made to appear that appellants were not injured by the failure of the trial judge to file conclusions of fact and law within the proper time.

[3] The uncontroverted testimony shows that at various times appellee sold to appellants various car loads of lumber at agreed prices, and to be paid for within 60 days from the date of each sale. Payment was not always made when due, and this suit was brought to recover interest alleged to be owing and due because of the failure to promptly pay the principal. Following McCamant v. Batsell, 59 Tex. 363, and Wroten Grain & Lumber Co. v. Mineola Box Mfg. Co., 95 S. W. 744, we concur in appellants' contention that the transactions referred to do not disclose an open account between the parties; but we hold that if there was no agreement not to pay any interest, nor to pay a different rate, then each item of indebtedness bore interest at the legal rate of 6 per cent. per annum from the maturity of the particular indebtedness.

The assignments complaining of the action of the court in admitting testimony are overruled. On account of the error already pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.