BLISS v. SAN ANTONIO SCHOOL BOARD et al. (No. 5345.)†

(Court of Civil Appeals of Texas. San Antonio. Jan. 27, 1915. Rehearing Denied March 3, 1915.)

1. TRIAL ⚌403 — FINDINGS AND CONCLUSIONS—DELAY IN FILING.

The findings of fact and conclusions of law filed by the trial court more than 10 days after the adjournment of the term are a nullity and cannot be considered on appeal.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 954–956; Dec. Dig. ⚌403.]

2. APPEAL AND ERROR ⚌544, 719—QUESTIONS REVIEWABLE—NECESSITY OF BILL OF EXCEPTIONS.

An appellant, who failed to secure a bill of exceptions and assign error upon the failure of court to file findings of fact and conclusions of law within the time prescribed, is not entitled to a reversal for such failure by the court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2412–2415, 2417–2420, 2422–2426, 2428, 2478, 2479, 2968–2982, 3490; Dec. Dig. ⚌544, 719.]

3. APPEAL AND ERROR ⚌742 — RECORD — FACTS.

Where no questions arise on the pleadings, and there is no fundamental error, but all the assignments relate to the conclusions of law and are dependent upon the facts, the judgment must be affirmed if there is no statement of facts or finding of facts in the record.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 300; Dec. Dig. ⚌742.]

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

Action by Don A. Bliss against the San Antonio School Board and others. Judgment for the defendants, and plaintiff appeals. Affirmed.

Don A. Bliss, of San Antonio, in pro. per. Arnold, Cozby & Peyton, of San Antonio, for appellees.

MOURSUND, J. On February 13, 1913, the board of trustees of the San Antonio independent school district directed the president and secretary of said board to sign and issue a warrant on the depository of said district for $200, payable to Charles J. Lukin, superintendent of the public free schools of said district, for the purpose of defraying said Lukin's expenses in attending the meeting of the National Educational Association, to be thereafter held in the city of Philadelphia. Appellant, on February 15, 1913, brought this suit for the purpose of procuring an injunction against the president and secretary of said school board, restraining them from signing and delivering said warrant to the said Lukin, and restraining the said Lukin from having said warrant paid out of

---

⚌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

† Writ of error pending in Supreme Court.

the public free school fund belonging to the district.

It was alleged in the petition that the plaintiff therein was one of the members of the school board, also a taxpayer in said school district, and had a daughter and grandson residing with him, both of whom were within the scholastic age; that the Legislature enacted a special law, approved March 18, 1909, incorporating the San Antonio independent school district, and giving its trustees the power to manage and control the public free schools within the district, also the power to make contracts and to be a party to actions in court, authorizing it to acquire, procure, or borrow money to purchase grounds and erect, furnish, and equip school buildings, and to determine the amount of money required therefor, as well as the necessity for issuance of bonds therefor, to issue bonds after an election has resulted in favor thereof, to determine the amount of taxes within the limits voted at any time theretofore by the voters of said district for school purposes that should be necessary for the maintenance of the public free schools of said district for the current fiscal year of said city, to pay the probable costs of the sale of the bonds, the installments of interest thereon, and provide a sinking fund. It was further alleged that, by the terms of said act, such tax is required to be levied against all the taxable property and values in the district and against the owners thereof, and is made a lien against such property; that, in the exercise of the powers given, elections have been held resulting in the levy of taxes for the maintenance of the schools and the issuance of bonds, and taxes levied and collected for the scholastic year of 1911–12; that the total assessed valuation of the taxable property in the district was $82,000,-000, and the tax rate so levied was two cents on the $100 valuation to pay interest and sinking fund of the bonds and 36 cents on the $100 valuation for maintenance purposes; that said district received from the state and county as its pro rata of the available school fund $6.85 for each of 21,011 children, which money is kept in the depository with the money raised by taxation: that the amount of money remaining in the depository, together with the taxes that may be collected during the current year, will be barely sufficient, if economically handled, to pay the expenses of maintaining the public free schools in said district for the current year. The action of the board in voting to pay the expenses of said Lukin to attend the National Educational Association and ordering warrant to be issued was then fully pleaded, and it was alleged that the board was without power to make such expenditure.

On March 18, 1913, defendants answered with a general denial, except as to such matters as should be admitted in the answer; a special answer admitting that the expenditure was regularly voted at a meeting of the board, and that the board possesses all of the powers, privileges, and duties set forth in the petition; but alleging that, in addition, the board was empowered to elect a superintendent of schools, such teachers, employés, agents, and servants that may be deemed necessary for the transaction of the business of said board and the carrying on of said schools, and to fix the salaries and compensation thereof, and may abolish or re-establish any position and employment created by said board, that by said provision, and the other provisions of the act, the board was given the power and discretion to do and perform all things necessary for the maintenance and carrying on of the public free schools of the district, that it was necessary for the proper interest, advancement, and maintenance of the school interests that the board should know of the best methods of teaching and equipping schools, ventilating buildings, and such other information as is in keeping with the progress of the times and for the welfare of the children. Then, at great length, the answer contained allegations concerning the value of the information to be obtained by sending the superintendent to such meeting, the necessity of procuring such information on account of the large number of school children in the district, the value and number of school buildings, the vast sums expended annually, it being alleged in this connection that about 350 teachers are employed, 39 janitors, 4 or 5 carpenters, a business agent, a superintendent, and many laborers. It was further alleged that the members of the board are not teachers, but business men, and that it was impractical for them to attend such meeting, and that it was wise and prudent to send an agent in the person of their superintendent. The fact that there was ample money on hand to make the expenditure without shortening the term of the schools or in any way impairing their efficiency was fully set out.

The trial was before the court, and judgment rendered denying plaintiff all relief and taxing all costs against him. The court was requested by plaintiff to file findings of fact and conclusions of law. The court adjourned on April 4, 1914. The findings of fact were not filed until May 19, 1914, and the conclusions of law on May 20, 1914. No statement of facts was filed.

[1] The findings of fact and conclusions of law filed more than 10 days after the court adjourned for the term are a nullity and cannot be considered by us. Wandry v. Williams, 103 Tex. 91, 124 S. W. 85; Emery v. Barfield, 156 S. W. 313; Bradford v. Knowles, 11 Tex. Civ. App. 572, 33 S. W. 149; State ex rel. Sutherland v. Pease, 147 S. W. 649; Guadalupe County v. Poth, 153 S. W. 919; M., K. & T. Ry. v. Cameron Co., 136 S. W. 74.

[2] Appellant, having failed to secure a bill of exceptions and assign error upon such

failure of the court to file findings of fact and conclusions of law within the time prescribed by law, is not entitled to a reversal on account of being deprived thereof. Velasco Fish & Oyster Co. v. Texas Co., 148 S. W. 1185; Fitzhugh v. Franco Texas Land Co., 81 Tex. 307, 16 S. W. 1078; Landa v. Heermann, 85 Tex. 4, 19 S. W. 885.

[3] No questions arising upon the pleadings are raised in appellant's brief, and all assignments relate to conclusions of law which appellant requested the court to make, and the correctness of the court's judgment. All of these matters are dependent upon the facts, and, there being no statement of facts nor any findings of fact such as the law recognizes, it follows that the judgment must be affirmed. Beaumont Improvement Company v. Carr, 32 Tex. Civ. App. 615, 75 S. W. 327. We find no fundamental error in the record.

We conclude that the judgment of affirmance heretofore entered should not be set aside, and therefore overrule appellant's motion for rehearing; but our former opinion is withdrawn, and this opinion will be filed as the opinion of the court in this case.

CARL, J., did not sit in this case.