INTERNATIONAL & G. N. RY. CO. v.
MUDD. (No. 5517.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 27, 1915.)

TRIAL ⬤═⬤403—DELAY IN FILING FINDINGS—EFFECT.

Where the trial court, upon timely request, failed to file findings of fact within the 10 days after expiration of the term allowed by Vernon's Sayles' Ann. Civ. St. 1914, art. 2075, his subsequently filed findings of fact and conclusions of law were a nullity, and could not be considered by the Court of Civil Appeals.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 913, 954–956; Dec. Dig. ⬤═⬤403.]

Appeal from Frio County Court; S. T. Dowe, Judge.

Action by G. H. Mudd against the International & Great Northern Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded for trial.

Cobbs, Eskridge & Cobbs, of San Antonio, and Wilson, Dabney & King, of Houston, for appellant. Magus Smith, of Pearsall, for appellee.

CARL, J. Appellee recovered the judgment against appellant for damages to a shipment of stock from Dilley to Ft. Worth.

The first assignment of error complains that the court erred in failing to file findings of fact and conclusions of law, after timely request, within the time prescribed by law.

The judgment was on December 9, 1914, and the transcript shows that the term of court expired on the 12th day of December, 1914. The court filed findings of fact on January 5, 1915, or more than 10 days after the adjournment of said term. Article 2075, Vernon's Sayles' Statutes, provides that such findings of fact and conclusions of law shall be filed within 10 days after the adjournment of court. A bill of exceptions was duly reserved to the failure of the court so to file such findings of fact and conclusions of law as prescribed by statute, and there is no statement of facts in the record. This assignment must be sustained, because it has often been held in this state that such findings of fact and conclusions of law, filed more than 10 days after the expiration of the term of court, are a nullity and cannot be considered by the Court of Appeals. Wandry v. Williams, 103 Tex. 91, 124 S. W. 85; Emery v. Barfield, 156 S. W. 313; Bradford v. Knowles, 11 Tex. Civ. App. 572, 33 S. W. 149; State ex rel. Sutherland v. Pease, 147 S. W. 649; Guadalupe County v. Poth, 153 S. W. 919; M., K. & T. Ry. v. Cameron & Co., 136 S. W. 74; Bliss v. San Antonio School Board, 173 S. W. 1176.

Having sustained this assignment, we would not be justified in attempting to pass upon the other assignments of error; and, for that matter, the things therein complained of will doubtless not arise upon another trial.

The judgment of the trial court is reversed, and the cause remanded for trial.