MAGGIE S. REDDING ET AL. v. JOHN H. BOYD ET AL.

(Case No. 1861.)

1. COMMUNITY PROPERTY — EXEMPTION — EXECUTOR.— A wife died leaving community property, and her husband married again; at his death he left an insolvent and exempt estate, which, with the community estate of himself and his first wife, was put into the hands of an executor. The executor used part of this community estate to pay debts contracted by the deceased husband after the death of his first wife. *Held:*

(1) That the misapplied money should be charged to the husband's portion of the community estate. The executor held the joint property of two persons; if he paid out of the community property of the first marriage, separate debts of the husband, then, in dividing the remainder between the heirs of the husband and the heirs of the first wife, the share of the latter could not be decreased by such payments. It makes no difference that there would not be left in the husband's estate sufficient to make an allowance in lieu of exempt property. That allowance must be raised from the estate of the decedent. R. S., title XXXVII, ch. 18.

(2) That though the executor paid debts over which the exemptions had priority, they were chargeable upon the same interest and estate from which the exemptions were to be taken; they could in no event become a charge upon the community estate of the first wife.

(3) That recovery for the misappropriation must be had against the executor.

ERROR from Anderson. Tried below before the Hon. F. A. Williams.

The opinion states the facts.

*Thos. B. Greenwood,* for plaintiffs in error, cited: R. S., arts. 1817 and 1993; Runnels *v.* Runnels, 27 Tex., 516; Reeves *v.* Petty, 44 Tex., 250; Green *v.* Crow, 17 Tex., 180; Carter *v.* Randolph, 47 Tex., 376; Clift *v.* Kaufman, 60 Tex., 64; Wheatley *v.* Griffin, id., 209; Porter *v.* Sweeney, 61 Tex., 213.

No briefs on file for appellees.

WILLIE, CHIEF JUSTICE.— The three assignments of error relied on by appellants relate to the same subject-matter. They complain that

the court below erroneously adjudged the insolvent and exempt estate of I. D. Chambers to be subject to a charge of $504.82 of money collected by his executor belonging to the community estate of Chambers and his first wife, which money was used in paying Chambers' debts. It clearly appears from the evidence, and the district judge so found, that all the property received by Boyd in his capacity of executor, with the exception of a very small amount, was of the community estate of Chambers and his first wife. He used the money thus received in the payment of various debts due from Chambers at the time of his death; expenses of administration, taxes, and repairs upon property, and sums necessary for the maintenance and support of the widow and minors of the family. It sufficiently appears that all the debts due by Chambers at the time of his death had accrued subsequently to the dissolution of his first marriage. These, therefore, are not chargeable against the community interest of his first wife, Mrs. S. P. Chambers. This interest descended to her children subject only to the community debts of that marriage. Of course it was also chargeable with expenses subsequently incurred in its preservation, safe keeping and administration. These, so far as they appeared in evidence, the court allowed, and we do not understand that any objection is made to its action in this respect. The only contention of the appellants seems to be that the money of Mrs. S. P. Chambers' estate, misapplied in payment of the debts of Chambers accruing in his lifetime, should be charged to her community estate as well as to that of her husband. That Chambers' estate being insolvent, the exemptions allowed by law to his widow of the second marriage and to his children must come out of the community estate of himself and his first wife, before the heirs of that wife can claim any portion of her community estate. This position is obviously incorrect. The executor held in his possession the joint property of two different persons. Out of that property he had paid some of the separate debts of one of the joint owners. Upon the plainest principles of equity, when making a settlement with the owners of the property, he must deduct from the share of the one whose debts he had paid, the amount used for that purpose. The other must receive his interest without any deduction on account of such payment.

This was the principle upon which the court acted in this case. Boyd had in possession the community property of the first marriage. Out of it he paid the separate debts of the husband. When he comes to divide the remainder between the heirs of the husband and the heirs of the first wife, the court compels him to pay over to

the latter their interest unaffected by any payments made for the benefit of the husband. It is of no importance that there will not be left in the estate of Chambers, the husband, sufficient to pay an allowance in lieu of exempt property. That allowance must be raised from the estate of the decedent. R. S., title XXXVII, ch. 18. If there is not enough in the estate to provide such an allowance for the widow and children, the balance cannot be taken from another estate. The community interest of the wife does not contribute towards it, though there be no other children besides the heirs to that interest; much less can it be taxed with an allowance to the widow and child of a subsequent marriage.

It is true that Boyd, in making the payments, misapplied the funds in his hands. He paid debts over which the exemptions had priority; but they were debts chargeable upon the same interest and estate from which the exemptions were to be taken. They could in no event have been a charge upon the community estate of the first wife. Holding, as he did, joint funds intended for the payment of separate charges against each of its owners, out of his share, in a certain order of priority, and having misapplied the funds so far as to pay debts against one joint owner which should have been postponed to others having preference over them, the share of the other owner cannot be made to bear any portion of the loss caused by the misapplication. The share of the latter must remain intact, and the party whose interest has been misappropriated will have his recourse against the trustee for the loss thereby sustained by him.

This is the effect of the judgment below, and we see no error in it of which the appellants can complain, and it is affirmed.

AFFIRMED.

[Opinion delivered October 16, 1885.]