## J. M. Crocker, Administrator, v. Jennie Crocker.

### Delivered June 8, 1898.

**1. Conclusions of Law and Fact—Right to.**

A request by the unsuccessful party that the trial judge shall file his conclusions of law and fact should always be granted, unless the circumstances are such as to render it impracticable to comply when the request is made.

**2. Same—Not Essential, When.**

A refusal of the trial judge to file his conclusions of law and fact on request is not prejudicial to appellant where a full statement of facts is in the record.

**3. Community Homestead—Descent.**

The children of a decedent, upon her death, become entitled to half the homestead, where it is community property of the decedent and her surviving husband, but subject to the homestead right of the husband during his life.

**4. Same—Partition with Heirs.**

The children of a decedent are not entitled to a partition of the homestead consisting of community property during the lifetime of the surviving husband, but upon his death after a second marriage they are entitled to such partition as against the second wife, whose homestead must come out of the estate of her husband.

**5. Same—Rights of Widow—Allowance.**

A widow is entitled to a homestead unembarrassed with the right of other persons to a partition thereof, but is not entitled to a homestead in less than the number of acres allowed by the statute and to an allowance to make up the balance.

**6. Decedents' Estates—Year's Allowance to Widow and Family.**

A widow and minor children who have used sufficient personal property to live upon for one year are properly refused an allowance under the statutes for another year.

Appeal from San Augustine. Tried below before Hon. Tom C. Davis.

*Geo. E. Gatling* and *S. M. Davis,* for appellant.

No brief for appellee.

Fly, Associate Justice.—Mrs. Jennie Crocker filed a petition in the county court of San Augustine County, alleging that the estate of J. L. Crocker, deceased, an administration of which was therein pending, was insolvent; that she was the surviving widow of deceased and was the mother of two minor children by him, and that there were three minor children by a former marriage, and she prayed for a year's allowance for her and her children, and for an order setting aside exemptions permitted by law. The County Court granted an order setting aside as the yearly allowance the sum of $250, less the value of certain corn and bacon held by the widow, and setting aside a tract of 200 acres as a homestead, being the same on which deceased and his family were living at the time of his death, and setting aside certain exempt personal property, and certain sums in lieu of exempt property not on hand. The cause was appealed to the District Court, where the appellant filed a pleading, in which it was alleged that J. L. Crocker had died on March 8, 1896, and was at

that time possessed of certain described personal property of the value of $1285.50; that administration was opened on the estate in March, 1897, and appellant was appointed administrator; that Mrs. Crocker had taken possession of the personal property, and had, together with the minors, used and enjoyed the same, and had consumed all of said property before administration was opened up on the estate, and that they were not therefore entitled to the year's allowance. The prayer was to the effect that the order of the county judge setting aside the year's allowance, and the order allowing money to be paid in lieu of exempt property, be set aside.

The district judge rendered judgment setting aside 120 acres of land out of a 240-acre tract occupied by deceased as a homestead to the widow and minors as a homestead, and also allowed $160, which they might take in any lands of the estate in lieu of the eighty acres required to make a 200-acre homestead, and also set aside to the widow and children the exempt property, and in lieu of certain of the exemptions not on hand there was an allowance of $120. Nothing was given for the year's allowance.

Appellant requested the trial judge to file his conclusions of law and fact, which request was refused on the ground that the court was in the act of adjourning when the request was made. The right to conclusions of law and fact is statutory, and should never be denied unless the circumstances are such as to render it impracticable to comply with a request for them. Davis v. State, 75 Texas, 420. The qualification of the bill of exceptions by the judge does not indicate at what hour of the day the request for the findings was made. He may have been in the act of adjourning in the morning, and might have had sufficient time before the close of the day to file the conclusions of law and fact. It is judicially known to this court that the session did not by law end on the day on which the court adjourned, and that there was ample time of the session remaining in which to have filed the findings of law and fact, and it should have been done. There is, however, a full statement of facts in the record, and it does not appear that appellant was injured by the refusal to file the conclusions of law and fact. Bank v. Stout, 61 Texas, 567; Umscheid v. Scholz, 84 Texas, 265.

It was proven that J. L. Crocker and his first wife acquired a tract of 240 acres of land upon which they resided as their homestead. The first wife died leaving children. The husband then married the present Mrs. Crocker, and they continued to occupy the same place as their homestead up to the death of J. L. Crocker, which occurred on March 8, 1897. The 240 acres of land was the community estate of J. L. Crocker and his first wife, and upon her death one-half of it became the property of her children. As long as J. L. Crocker lived he had a homestead right in 200 acres of the land, and the children could not demand a partition of the same. Upon his death, however, the land of the children inherited from their mother was no longer subject to homestead rights. The homestead of the second wife must come out of the estate of the decedent. Clements v. Lacy, 51 Texas, 165; Pressley Heirs v. Robinson, 57 Texas, 453; Gil-

liam v. Null, 58 Texas, 298; Redding v. Boyd, 64 Texas, 498; Hoffman v. Hoffman, 79 Texas, 189. One-half of the 240 acres of land was the property of decedent, and as such was subject to the homestead rights of the second wife, and there is no merit in the contention that only 100 acres of it should have been assigned to her. Had the wife not acquiesced in it she could not have been compelled to take an incomplete homestead with the uncertainty given it by the liability to partition, but might have had an allowance made to her in lieu of the homestead out of any property belonging to the estate of her deceased husband. Clift v. Kaufman, 60 Texas, 64; Hoffman v. Hoffman, 79 Texas, 189. She was entitled to a homestead unembarrassed with the right of partition and the circumstances of title surrounding it, or in its absence to an allowance in lieu thereof, but was not entitled to a homestead and an allowance also. When she accepted the incomplete homestead, the law requiring the assignment of a homestead was complied with, and she had no right to an allowance for something that she already had. We do not think that it is contemplated by the statute that part of the homestead can be in land and part in money. The evident intention of the statute is to furnish a home, and when that is done its terms are complied with. If appellees did not desire an incomplete homestead, they should have signified their dissent to the action of the court.

Appellees had used sufficient personal property to live upon for one year, and the court properly refused to make an allowance for another year.

There was testimony to the effect that a son of the first wife was appointed administrator of his father's estate, and assumed control of and disposed of some of the personal property, whether before or after he was administrator does not appear. There is proof that some debts of the father were paid out of the proceeds of some of the personal property. The widow nor minor children were shown, in any event, to have been responsible for the disposition of the property or to have realized any benefit from any of it except what they may have used for the necessaries of life. We conclude that there was no error in setting aside the exemptions of personal property on hand and making allowance for those not on hand.

The judgment will be reformed so as to omit the allowance of $160 in lieu of the deficiency in the size of the homestead, and as reformed will be affirmed.

*Affirmed.*