## ALBERT WANDRY v. J. S. WILLIAMS.

### No. 1977.  Decided January 19, 1910.

**1.—Trial by Court—Findings of Fact and Law—Bill of Exceptions.**

The refusal of the judge, trying a cause without a jury, to make out and file his conclusions of fact and law, when requested so to do, constitutes reversible error; and this may be presented and reviewed on appeal, under a proper assignment, where by order of the court, in accordance with the Act of May 14, 1907 (Laws 30th. Leg., p. 446) ten days after adjournment was allowed for filing such conclusions and twenty days for filing bills of exception, and the exception to such refusal was duly taken by bill after the ten days and before the twenty days had expired.  (Pp. 93, 94).

**2.—Same—Mandamus.**

It was not necessary for an appellant, who had properly reserved by bill his exception to the refusal of the trial court, to make findings of fact and law, to resort also to mandamus to require the judge to make such findings; such procedure furnished no practicable remedy.  (P. 94).

Questions certified from the Court of Civil Appeals for the Sixth District in an appeal from Tarrant County.

*F. M. Brantly,* for appellant.—As the cause was heard by and the facts submitted to the trial court without the intervention of a jury, and due and proper request being made in writing by appellant of the court that it reduce to writing and file therein the conclusions of fact found by the court therein, it was the duty of the court so to do, and such failure or refusal on the part of the court so to do operated as the denial of a legal right to appellant, and was such error and

prejudicial to the rights of appellant as requires of this reviewing court a reversal of the judgment rendered in the trial court. Rev. Stats., art. 1333, and amendments thereto by Act, Leg. of 1899, p. 190; also art. 1332a, as enacted in 1903, and amended at session of 1907, p. 446; Callaghan v. Grenet, 66 Texas, 240; Love v. Rempe, 44 S. W., 681; Seymour Opera House Co. v. Wooldridge, 31 S. W., 234; Scheuber v. Holcomb, 2 Wilson App. Civ. Cases, p. 172; Barnett v. Abernathy, 2 Wilson App. Civ. Cases, 673.

If the failure or refusal of the trial judge to render findings of fact, either in whole or in part, can be corrected or rendered of avail on appeal, as has been universally so held aforetime, then the writ of mandamus will not lie to compel the trial judge to render findings of fact. "The writ of mandamus is never granted when the grievance complained of may be corrected on error or appeal." State v. Morris, 86 Texas, 226; State v. Fisher, 94 Texas, 491; Aycock v. Clark, 94 Texas, 375; Magee v. Penn., 67 S. W., 1077.

No brief for appellee came to the reporter.

Mr. Chief Justice Gaines delivered the opinion of the court.

This is a certified question. The statement and certificate of the Court of Civil Appeals are as follows.

"Appellee instituted suit against the appellant in the County Court to recover a certain stated sum of money claimed to be due him on a contract to construct a dam, and in a trial before the court without a jury a judgment was entered in his favor. The trial of the case was begun on April 29, 1908; and was ended, and the judgment entered, on May 1, 1908. The court adjourned finally for the term May 2, 1908. On May 2, 1908, and before the final adjournment of the court, the appellant made a written request to the court, and which was by it granted and entered of record, for an order granting twenty days after adjournment of the court within which to prepare and have filed a statement of the facts and bills of exception, and for the court to reduce to writing the conclusions of fact and of law found by him on the trial of the case. There is no statement of facts nor conclusions of fact and of law by the trial judge in the record on this appeal. The record does not show that an application for mandamus was made to have the trial court discharge his duty in filing his conclusions of fact and of law. The following bill of exception appears incorporated in the record, duly approved by the trial judge on May 22, 1908, being on the twentieth day after the adjournment of court and being the day the same was presented to him by appellant: 'Be it remembered that on the rendition of the judgment by the court in said cause during said term of said court, to wit, on the 1st day of May, A. D. 1908, and immediately following the rendition of said judgment, and prior to the expiration and final adjournment on the following day of said term of said court, the said defendant caused to be filed therein with the papers in said cause and presented to the court, a written request in behalf of defendant that the court and the judge reduce to writing and file with the papers therein its findings of fact and conclusions of law respect-

ively therein; that said court and the judge thereof having failed to comply with said request, the defendant on, to wit, the 12th day of May, A. D. 1908, the same being within ten days following the time of the final adjournment of said term of said court, caused to be presented to the judge thereof, at the latter's office in the courthouse where said court is held, further request for findings of fact with request that the said judge of said court approve the same or act thereon but that the said judge of said court failed to comply with said request or to act thereon in any respect or to file any of its findings of fact or conclusions of law thereon during the said term or within ten days after the final adjournment thereof; to which said several acts and omissions defendant desires to except, and prays that this be now taken and approved as his bill of exceptions thereto.' This said bill of exceptions being signed and approved by the judge, was filed with the clerk of the County Court on the same day that it was approved by the judge. The appellant filed in the lower court, and there is incorporated in the transcript and set out in his brief filed in this court, the following assignment of error: 'The court erred in failing and refusing to either state in writing or be caused to be filed in said cause any of its findings or conclusions of fact and conclusions of law thereon, or any such conclusions of fact separately from the conclusions of law, and in refusing defendant's request in that respect.' The contention of the appellant under the assignment is that the failure or refusal of the trial judge to reduce to writing and file his conclusions of fact and of law operated as a denial of a legal right to appellant in that it deprived him of the right and opportunity of having incorporated in the record of the case for revision on appeal the conclusions of the trial court of the facts proven and of the conclusions of the trial court on the law with reference to the same, and that such failure was such material error as requires a reversal of the case by the Appellate Court.

### "Questions.

"1. Is this court authorized to consider and review on appeal the subject matter set out in the bill of exception and the assignment of error predicated thereon?

"2. If so, is there reversible error?

"3. In order to avail himself of the failure of the trial judge to reduce to writing and file his conclusions of fact and of law in the case, should the appellant have applied for a writ of mandamus against the county judge?"

We are of the opinion that the first two questions should be answered in the affirmative. In May, 1907, the Legislature passed an Act which contains the following provisions:

"Section 1. That parties to causes tried in the District and County Courts of this State may, by having an order to that effect entered on the docket, be granted twenty days after the adjournment of the term at which said cause may be tried to present and have approved and filed a statement of facts, bills of exception, and the judges of

such courts shall also have ten days after adjournment of. the term at which said causes may be tried, in which to prepare their findings of fact and conclusions of law in cases tried before the court; when demand is made therefor. And judges whose terms of office may expire before the adjournment of the term of said court at which said case is tried, or during said period of twenty days after the adjournment of the term, may approve such statement of facts, bills of exceptions, and file such findings of facts and conclusions of law, as above provided." (Laws of 1907, p. 446.) It is to be noted that in order to obtain twenty days after adjournment for filing a statement of facts or bills of exception an order must be entered to that effect; but not so as to the filing by the judge of his conclusions of fact and law. The statute only requires that a request shall be filed that the judge shall make out his conclusions of fact and law. Hence without an order he has the power to file his conclusions in ten days after the adjournment of the court. We conclude that the action of the trial judge in failing and refusing to file his conclusions of fact and law is subject to review by the Court of Civil Appeals and where it is found that he has not done so, the judgment ought to be reversed.

In regard to the third question, we fail to see how a mandamus would be applicable to the case. After ten days have elapsed from the adjournment of the court, the power of the trial judge to file conclusions of fact and law ceases. We do not perceive how in so short a time a mandamus suit could be instituted and prosecuted to a recovery. Besides, the trial judge having ten days after adjournment to file his conclusions, the party who has been cast in the suit may not know until the time has elapsed that he will not do so. So we think there is no remedy for the error except to reverse and remand the cause for a new trial.