BRUCE v. STARK et al. (No. 6828.)

(Court of Civil Appeals of Texas. Galveston. April 7, 1915.)

TRIAL ☞403—FINDINGS OF FACT AND CONCLUSIONS—FAILURE TO FILE.

Where the defeated party duly requested the trial judge to file his findings of fact and conclusions of law, but the judge failed to do so within the ten days after the adjournment of the term within which they may be filed, under Rev. St. 1911, art. 2075, the judgment will be reversed, and the case remanded.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 954–956; Dec. Dig. ☞403.]

Appeal from Orange County Court; O. R. Sholars, Judge.

Action between E. L. Bruce, trustee, and W. H. Stark and others. From a judgment for W. H. Stark and others, E. L. Bruce appeals. Reversed and remanded.

Smith, Crawford & Mead, of Beaumont, for appellant. B. F. Pye, of Beaumont, for appellees.

LANE, J. This case was tried before the court without a jury, and judgment was rendered for appellees, whereupon appellant, in open court, requested the trial judge to file conclusions of law and findings of fact, which said request is made evident by the recitals in the judgment entered in the cause on the 6th day of April, 1914.

On the 23d day of April, 1914, and before the court adjourned, counsel for appellant filed his written request to the court to file a statement of his conclusions of law and findings of fact. The term of court at which said cause was tried adjourned on the 25th day of April, 1914.

On the 1st day of July, 1914, more than 60 days after adjournment of court, appellant presented, had approved, and filed his bill of exception to the failure of the trial judge to file his conclusions of law and facts in said cause. In approving said bill the trial judge added thereto the following:

"Believing this case would not be appealed, I did not sooner file my conclusions. They are in the record."

On the 23d day of July, 1914, nearly three months after adjournment of court, the trial judge filed what purports to be his findings of fact and conclusions of law, and the same is now in the record. There is no statement of facts in the record. The action of the court in failing to file his conclusions of law and findings of fact is the basis of appellant's only assignment of error.

Under the provision of article 2075, Revised Statutes 1911, and the authorities cited in the opinion in the case of Averill v. Wierhauser, 175 S. W. 794, handed down by this court on this day, the judgment of the lower court in this cause should be, and the same is, hereby reversed, and the cause remanded.

Reversed and remanded.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes