STRYKER v. VAN VELZER.    (No. 459.)

(Court of Civil Appeals of Texas. Beaumont. May 20, 1919.)

APPEAL AND ERROR ☞1165—CONCLUSION OF FACT AND LAW—DUTY TO FILE—EFFECT OF FAILURE.

The failure of the trial judge, though requested to file findings of fact and conclusions of law within the time provided by Rev. St. art. 2075, necessitates reversal; the court on appeal being unable to review case without a statement of facts which is not before it.

Appeal from Harris County Court; W. E. Monteith, Judge.

Suit by A. C. Van Velzer against A. B. Stryker. From the judgment, defendant appeals. Reversed and remanded for new trial.

Charles Murphy, of Houston, for appellant. A. C. Van Velzer, of Houston, in pro. per.

WALKER, J. This is the second appeal in this case. The first appeal, styled A. C. Van Velzer v. A. B. Stryker, is reported in 188 S. W. 724, and reference is hereby made to this former appeal for a full statement of the nature and result of this suit.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The case is before us without a statement of facts. On conclusion of the trial in the court below, appellant requested the judge to file findings of fact and conclusions of law. He failed to do this in the time provided by Rev. St. art. 2075. The refusal of the court so to do was duly excepted to by appellant, and is properly presented to us in appellant's brief. With neither a statement of facts nor conclusions of fact and law, we are unable to review this case.

In Wandry v. Williams, 103 Tex. 91, 124 S. W. 85, the Supreme Court said:

"We conclude that the action of the trial judge in failing and refusing to file his conclusions of fact and law is subject to review by the Court of Civil Appeals; and, where it is found that he has not done so, the judgment ought to be reversed."

"The failure of the trial judge to file findings of fact and conclusions of law within ten days after adjournment of the term, as required by" this article, "necessitates a reversal, unless there is a statement of facts in the record from which it appears that appellant could not be reasonably prejudiced by the failure." Emery v. Barfield, 156 S. W. 311.

Because the court failed to file findings of fact and conclusions of law, this cause is reversed and remanded for a new trial.