J. P. RILEY v. VINNIE AUSTIN ET AL.

No. 3364.     Decided December 20, 1922.

(245 S. W., 907.)

1.—Practice on Appeal—Failure to Make Findings.

The failure of the trial court, in a case tried without a jury, to make findings of fact and law in response to appellant's motion therefor, did not entitle appellant, as matter of law, to a reversal, unless he was prejudiced thereby. (p. 220).

**2.—Same—Statement of Facts.**

Where the record contained a statement of facts which enabled appellant to present properly the errors assigned (failure of the evidence to support the judgment) the appellate court properly found that he was not prejudiced in his appeal by the failure of the trial court, in a non-jury case, to make findings of fact and law on motion requesting same; and this though the statement was not agreed to by appellant, but was prepared by the judge on his failure to agree. Barfield v. Emery, 107 Texas, 306, followed. Wandry v. Williams, 103 Texas, 93, distinguished. (pp. 220, 221).

Questions certified from the Court of Civil Appeals for the Ninth District, in an appeal from Montgomery County.

The Supreme Court, having referred the questions to the Commission of Appeals, Section A, for its advice thereon, here adopts the opinion of the Commission and certifies the same to the Court of Civil Appeals as its answer.

*R. A. Powell, A. L. Kayser,* and *W. N. Foster,* for appellant.

When the record discloses that request was made of the trial court by appellant during the term and on the overruling of appellant's motion for new trial by the court that the court file findings of fact and conclusions of law in writing, and further discloses that said findings and conclusions were not filed during the term, or within ten days thereafter, as provided by law, the judgment of the trial court should be reversed and the cause remanded. Vernon's-Sayles' Tex. Civ. Statutes, Art. 1989-2075; Wandry v. Williams, 103 Texas, 91; Lester v. Oldham, 208 S. W., 575; Guadeloupe Co. v. Poth, 153 S. W., 919; T. & N. O. Ry. v. Turner, 193 S. W., 1087; Beavers v. Supreme Home etc., 204 S. W., 718; Bloch v. Bloch, 190 S. W., 529; Houston Oil Co. v. Ragley Lbr. Co., 162 S. W., 1183; Scroggins v. Lbr. Co., 138 S. W., 789; Averill v. Wierhauser, 175 S. W., 794; Bruce v. Stark, 175 S. W., 795; Edwards v. McGuire, 165 S. W., 477; Railway Co. v. Cameron Co., 136 S. W., 74; Buckner v. Davis, 129 S. W., 639; Dennis v. Kendrick, 163 S. W., 693; T. & N. O. Ry. v. Highland Dairy Co., 137 S. W., 137. Findings of fact and conclusions of law filed after the time permitted by law are a nullity. Velasco Etc. Co. v. Texas Co., 148 S. W., 1186; Averill Co. v. Wierhauser, Supra.; Houston Oil Co. v. Lbr. Co., 162 S. W., 1183; Anderson v. Lockhart, 209 S. W., 218; Wood v. Smith, 141 S. W., 795.

*Dean & Humphrey* and *F. McDonald,* for appellees.

The trial court upon the original hearing, after incorporating its findings of fact upon the only issuable findings raised by the pleadings, predicated thereon the only conclusion of law, to-wit: that the paper offered by the contestee as the last will and testament of A. L. Austin, deceased, should not be admitted to probate, and having incorporated such findings, in terms, in the original judgment,

there was not and could not have been prejudice to any substantial right of the appellant occasioned by failure of the trial court to make up and file formal findings of fact and conclusions of law within ten days after adjournment.

The parties having failed to agree upon a statement of facts, the trial court prior to the 21st day of April, 1919, made up, certified and ordered filed a complete statement of all the facts adduced upon the trial of this cause, and on said 21st day of April, 1919, as so made up and certified was filed in duplicate in the office of the District Clerk of Montgomery County, and the original thereof was sent up as a part of the record in this cause and filed by the Clerk of the Court of Civil Appeals in this cause on the 23rd day of April, 1919. Rule 62A, Court Civil Appeals; Bank v. Stout, 61 Texas, 567; Waterworks v. Maury, 72 Texas, 112; Implement Co. v. Templeton, 14 S. W., 1015; Canadian & American Mortgage & Trust Company v. McCarty, 34 S. W., 306; Mackey v. Armstrong, 84 Texas, 159; Settegast v. Blount, 46 S. W., 268; Sullivan v. Fant, 110 S. W., 521; Haywood v. Scarborough, 102 S. W., 470; Crocker v. Crocker, 19 Texas Civ. App., 296, 46 S. W., 870; Umscheid v. Scholz, 84 Texas, 265; Sutherland v. Kirkland, 134 S. W., 851; Vernon's Sayles' Civil Statutes Arts. 2068, 2069, 2070, 2072.

Mr. Judge RANDOLPH delivered the opinion of the Commission of Appeals, Section A.

In the above case the Court of Civil Appeals for the Ninth District have filed in the Supreme Court certified questions, together with a statement of the facts in the case and same have been referred to this section of the Commission for consideration.

As the statement is quite lengthy, we will not set it out in full, but will make a brief statement of such portions as are necessary to explain our rulings and answers to same.

The appellant filed in the County Court of Montgomery County his application to probate a certain instrument as the will of A. L. Austin, deceased. Appellees, contesting the probate, alleged that the instrument tendered for probate was not in the handwriting of, and neither was it signed by the alleged testator, and that it was a forgery.

The County Court entered an order permitting the probate of said will but, on appeal and trial de novo in the District Court of Montgomery County, before the judge without the intervention of a jury, judgment was rendered for contestants, appellees, as set out in the judgment, on the grounds that the instrument tendered as the will of the alleged testator, was not in his handwriting, was not signed by him, and was a forgery. Appellant, in his amended motion for new trial, attacked the judgment thus rendered upon the very

grounds set out therein by the court as his reasons for rendering same, and alleged in said motion that the trial court erred in so holding. It appears that when the trial court overruled this amended motion for new trial the appellant in due time requested the trial judge to file his findings of fact and conclusions of law. This the the trial court failed to do and appellant thereupon reserved his bill of exceptions to such failure of the trial court. It further appears that the attorneys for the appellees prepared a statement of facts which they tendered to appellant's attorneys and they declined to approve same. Thereupon the court prepared, signed and filed with the clerk of his court a statement of facts in the case and it was then sent up and filed with the transcript in the court of Civil Appeals within the time allowed by law for same to be filed in that court. The appellant appealing, assigned error covering the failure of the trial court to file such findings of fact and conclusions of law.

The sixth and seventh grounds of appellant's motion for new trial filed in the trial court are as follows:

"*Sixth Ground*: The court erred to the prejudice of contestee in entering and rendering judgment against contestee in this cause and in finding as a predicate for such judgment that the will sought to be probated by proponent (contestee) was, and is, a forgery, and is not wholly in the handwriting of A. L. Austin and signed by him, because said judgment and finding are manifestly against the overwhelming weight and preponderance of the testimony and suggest that the court misunderstood and misapplied the testimony before him."

"*Seventh Ground*: The court erred to the manifest prejudice of the contestee in rendering judgment for contestants, because said judgment is necessarily based upon a finding that the will offered for probate by contestee is a forgery and is not and was not wholly written by A. L. Austin and signed by him, and because such finding is manifestly against the overwhelming weight and preponderance of the testimony, and suggests that the court was confused as to the evidence before him, and failed to understand and properly apply the same, in this: * * * ."

Upon this state of the record the Court of Civil Appeals filed the following duly certified questions:

"*First Question*: Was appellant entitled, as a matter of law, to have the judgment of the trial court in this cause reversed by this court and the cause remanded, as appellant sought to do, because of the trial court's failure to prepare and file, within the time provided and required by the statute, his findings of fact and conclusions of law?"

"*Second Question*: If the first question be answered in the negative, then was this court warranted in concluding and holding, as it

did, substantially, that from the record in this case it was not made to appear that the failure of the trial judge to duly file his findings of fact and conclusions of law prevented appellant from making a proper presentation of the questions involved on this appeal, and that, therefore, such failure did not operate to the prejudice of appellant?''

In our opinion, when the Legislature enacted the requirement that the district judge should, at the request of either party, prepare and file his findings of fact and conclusions of law within ten days after the adjournment of the term at which a cause was tried in his court, it was not their intention, on the failure of such judge so to do, to require an automatic reversal of the case on appeal upon such failure being shown to the Court of Civil Appeals. We think that where it appears from the record that a party has not been injured by such failure to act on the part of the trial judge within the time prescribed and, where every contention made by such party has been preserved in the record, he is not entitled to have the case reversed on the bare error assigned.

The appellant's motion for new trial presented as error the very grounds set out in the judgment as the basis for that judgment and a statement of facts preserved the evidence so that, upon appropriate assignments, the alleged errors could have been reviewed by the Court of Civil Appeals. However, the appellant contends that he in no way made himself a party to the preparation and filing of the statement of facts and, hence, could not be precluded by the presence of a statement of facts in the record not concurred in by him, from insisting on the alleged error of the trial court in the matter of his failure to file such findings and conclusions.

It is a novel proposition that a party to a suit, by failing or refusing to agree to a statement of facts, can thus defeat the very purpose of the statute authorizing the trial judge to prepare and file such statement, and one that we cannot concur in. Article 2069, Vernon's Civil Statutes provides that when the parties to a suit do not agree to a statement of facts, prepared as required in the preceding Article 2068, the trial judge from his own knowledge, with the aid of statements furnished him by the parties, shall prepare, sign and file such statement with the clerk of his court. Such statement of facts so prepared is by law made the statement of facts which the appellate court shall consider in reviewing the case.

In the case of Ward v. Scarborough, 236 S. W. 444, it is held that either party has a right to perfect the record by the preparation and filing of a statement of facts to make it show the facts essential to a full and complete consideration of the issues.

In the case of Wandry v. Williams, 103 Texas, 93, 124 S. W., 85, cited by appellant, there was no statement of facts filed and the

pleadings presented issues that could be solved only by the aid of a statement of facts or, of findings of fact and conclusions of law by the court. Hence the failure to file such findings and conclusions appeared, affirmatively, to be error.

But we think the questions were presented are definitely determined in the case of Barfield v. Emery, 107 Texas, 306. In that case the Supreme Court held:

"An answer having been filed by the defendants to the petition for writ of error, we are enabled to decide the case.

"It is one in which the Honorable Court of Civil Appeals for the Second District has reversed the judgment of the trial court there rendered in favor of the plaintiff in error because of the failure of the trial court to file his findings of fact and conclusions of law upon the motion of the defendants in error, within ten days after the adjournment of the term. A bill of exception contains an explanation of the trial judge of his omission to file his conclusions within the statutory period, due, as stated by him, to the fact that his home was under quarantine during the period necessary for their preparation; this explanation, however, being controverted by opposing affidavits. Although the conclusions of the trial judge were not duly filed, it appears that statement of facts was duly prepared and filed and accompanied the record on the appeal.

"We agree with the view expressed in the dissenting opinion of Chief Justice Conner that it does not appear that the omission of the trial judge to duly file his conclusions prevented a proper presentation of the questions involved in the appeal, or that it could have operated to the prejudice of the appellants in that court. We are of opinion therefore that it did not in itself warrant a reversal of the judgment.

"Since it appears that the judgment was reversed upon this ground, in reversing the judgment of the Court of Civil Appeals, the case is remanded to that court for further consideration."

Justice Phillips, it is true, says that an extended opinion will later be filed and no such extended opinion has been filed. As the opinion is, in its present form, conclusive in the reasons given, as well as the disposition of the questions considered, it is very probable that the Supreme Court came to the conclusion that no additional opinion was necessary.

We therefore recommend that Question No. 1 be answered: That the failure of the trial court to file his findings of fact and conclusions of law did not entitle appellant as a matter of law to have the judgment of the trial court reversed and the cause remanded to the Court of Civil Appeals and, necessarily Question No. 2 must be answered: The Court of Civil Appeals was warranted in holding, from the record in this case, that it was not made to appear that

the failure of the trial judge to file his findings and conclusions within the tèn days, prevented appellant from making a proper presentation of the questions involved in his appeal and that such failure of the trial judge to so file same did not operate to the prejudice of appellant.

### BY THE SUPREME COURT.

· The opinion of the Commission of Appeals answering certified questions is adopted and ordered certified to the Court of Civil Appeals. ·

*C. M. Cureton, Chief Justice.*