**Q. FLORES & SON et al. v. FIRST STATE BANK OF MISSION. (No. 7240.)**

(Court of Civil Appeals of Texas. San Antonio. Dec. 1, 1924.)

**Trial ⬗390—Failure to file findings of fact and conclusions of law held reversible error.**

Where court sitting without jury failed, upon written request, to file findings of fact and conclusions of law within 10 days prescribed by statute, such failure constituted reversible error, where case was not submitted on agreed statement of facts, and facts as later found by court showed controverted facts and disputed issues.

Appeal from Hidalgo County Court; J. C. Epperson, Judge.

Action by First State Bank of Mission against Q. Flores & Son and another. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Vernon B. Hill, of Mission, for appellants. D. F. Strickland, of Mission, for appellee.

COBBS, J. Appellee, a banking company, sued appellants to recover on an itemized sworn account creating an alleged overdraft, which account was verified and attached to the original petition and made a part thereof, alleging that the partnership of Q. Flores & Son and Atenojenes Flores, individually, were and are indebted to appellee in the sum of $448.03. Appellants filed a motion to quash the citation and other responsive pleas and answers. The case was tried before the court without a jury, and judgment rendered for appellee for $468.82.

Appellants' first proposition is:

"In the absence of an agreed statement of facts in the record, failure and refusal of the trial judge to file his findings of fact and conclusions of law within the ten days prescribed by the statute, after seasonable request in writing, is reversible error when duly assigned as such, and when such failure and refusal is duly excepted to."

On March 7, 1924, one day before the court adjourned, and three days after the trial of the case, the appellants, both orally and in writing, requested the court to file his findings of fact and conclusions of law. And again on the 18th day of March, 1924, after adjournment of the court, appellants made the same request, it being the last day the court had for filing same, and still the request was not complied with. The court adjourned on the 8th day of March for the term.

To the action of the court the appellants duly filed their bill of exceptions, which bill of exceptions was approved by the court, as well as by the attorney for appellee, without any explanation or qualification whatever. And without showing any reason for the failure to file in time the court filed, on March 27, 1924, more than 10 days after adjournment, a very full finding of the facts and his conclusions of law, which governed him in rendering the judgment he did.

No separate statement of facts was filed; and an examination of the facts found by the trial court shows controverted facts and disputed issues. In such a case, when facts are disputed or controverted, there is no means of determining the challenged finding, unless there were filed a statement of the agreed facts approved by the court. Litigants are entitled, when the proper request is made, to the views of the court, as reflected by his findings, so that his attention may be timely called to any error therein for correction, and, if not corrected, present the matter on appeal for correction by reference to and comparison with the statement of facts. When uncontradicted, then a statement of the facts would not become necessary for verification purposes nor a more full statement of facts introduced in evidence. The appellants were within their legal right when they made the application. R. S. arts. 1989, 2075; Guadalupe County v. Poth (Tex. Civ. App.) 153 S. W. 919; I. & G. N. Ry. Co. v. Mudd (Tex. Civ. App.) 179 S. W. 686; Averill v. Wierhauser (Tex. Civ. App.) 175 S. W. 794; Bruce v. Stark (Tex. Civ. App.) 175 S. W. 795; Wandry v. Williams, 103 Tex. 94, 124 S. W. 85.

When the court fails to file his findings within 10 days from adjournment they may be properly disregarded. Sands v. Lemmerhirt (Tex. Civ. App.) 262 S. W. 125; Southwest National Bank of Dallas v. Cates (Tex. Civ. App.) 262 S. W. 569; Beaumont Improvement Co. v. Carr, 32 Tex. Civ. App. 615, 75 S. W. 327.

---

⬗For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appellee makes the following counter proposition:

"The failure of the trial court to file its findings of fact and conclusions of law until the 27th day of March, 1924, when the term of said court, at which this case was tried, had expired on the 8th day of March, 1924, was not prejudicial to appellants, where the transcript contains complete findings of fact and conclusions of law, as filed by the court on the said 27th day of March, 1924."

An appellant is under no obligation, as contended by appellee, to prepare and file a statement of facts when he calls for the court's finding, unless it be to add to or contradict the court's finding  He may wish to stand on the findings alone if he considers them fair and full, yet he has the legal right to have them.   To show that such omission caused no injury to the statutory right of appellants to have them properly in the record appellee cites the following authorities: First Texas Prudential Insurance Co. v. Gamble (Tex. Civ. App.) 257 S. W. 1005; Umscheid v. Scholz, 84 Tex. 265, 16 S. W. 1065; Crocker v. Crocker, 19 Tex. Civ. App. 296, 46 S. W. 870; Emery v. Barfield (Tex. Civ. App.) 156 S. W. 311; Barfield v. Emery, 107 Tex. 306, 177 S. W. 952; Wandry v. Williams, 103 Tex. 94, 124 S. W. 85.  A careful reading of those cases will show that they do not support appellee's contention.

It is held in Insurance Co. v. Gamble et al:

"Appellant complains of the trial court's failure to file its findings of fact and conclusions of law within the time required by law.  In this case there is a full statement of facts in the record, as well as the conclusions of law and findings of fact prepared and filed by the court, and it does not appear that appellant has been injured by reason of the nonperformance of such duty by the court, and said assignment is overruled. Umscheid v. Scholz, 84 Tex. 265, 16 S. W. 1065; Crocker v. Crocker, 19 Tex. Civ. App. 296, 46 S. W. 870; Emery v. Barfield (Tex. Civ. App.) 156 S. W. 311, in which case the Supreme Court, in 107 Tex. 306, 177 S. W. 952, approved the dissenting opinion of Chief Justice Conner, and stated:

" 'We agree with the view expressed in the dissenting opinion of Chief Justice Conner that it does not appear that the omission of the trial judge to duly file his conclusions prevented a proper presentation of the questions involved in the appeal, or that it could have operated to the prejudice of the appellants in that court. We are of opinion, therefore, that it did not in itself warrant a reversal of the judgment.'

"We are aware of the holding of the Supreme Court in Wandry v. Williams, 103 Tex. 91, 124 S. W. 85; but in that case there was no statement of facts filed, and the judgment of the Supreme Court in said case is not, we think, in conflict with its opinion in the Barfield v. Emery Case, supra."

It is held in Umscheid v. Scholz, supra:

"The district judge when requested should have made out and filed conclusions of fact and law; but as there is no conflict in the evidence on the vital questions involved in the case, his failure to do so does not furnish sufficient ground for the reversal of the judgment."

In Crocker v. Crocker, supra, it is held by this court, in an opinion written by Justice Fly:

"Appellant requested the trial judge to file his conclusions of law and fact, which request was refused on the ground that the court was in the act of adjourning when the request was made. The right to conclusions of law and fact is statutory, and should never be denied, unless the circumstances are such as to render it impracticable to comply with a request for them. Davis v. State, 75 Tex. 420. The qualification of the bill of exceptions by the judge does not indicate at what hour of the day the request for the findings was made. He may have been in the act of adjourning in the morning, and might have had sufficient time before the close of the day to file the conclusions of law and fact. It is judicially known to this court that the session did not by law end on the day on which the court adjourned, and that there was ample time of the session remaining in which to have filed the findings of law and fact, and it should have been done. There is, however, a full statement of facts in the record, and it does not appear that appellant was injured by the refusal to file the conclusions of law and fact. Bank v. Stout, 61 Tex. 567; Umscheid v. Scholz, 84 Tex. 265."

In Emery v. Barfield, supra, it was said:

"The writer has been unable to see, after most careful consideration, in what respects the failure of the trial judge now complained of has in any way prevented appellants from a proper presentation of their case here or in any other way operated to their prejudice. As stated, we have before us a complete statement of facts. It is duly certified by the official reporter of the district to be 'a full, true and correct transcript of all the testimony which was admitted in evidence by the court upon the trial of the case.' It is so agreed to by counsel for both appellants and appellees and so duly approved by the trial court."

A writ of error was granted in the case reported in 107 Tex. 306, 177 S. W. 952. The opinion was delivered by Chief Justice Phillips, in which, among other things, he said:

"Although the conclusions of the trial judge were not duly filed, it appears that a statement of facts was duly prepared and filed and accompanied the record on the appeal. We agree with the view expressed in the dissenting opinion of Chief Justice Conner that it does not appear that the omission of the trial judge to duly file his conclusions prevented a proper presentation of the questions involved in the appeal, or that it could have operated to the prejudice of the appellants in that court. We are of opinion therefore that it did not in itself warrant a reversal of the judgment."

We do not think any of the holdings in the above cases support the contention of appellee, but, on the contrary, support appellants' contention. Of course, when the court

will not allow the full right accorded to a litigant by the statute, it must be on the ground that the exception is more to be honored in its breach than in sustaining the rule of law.

Of course, courts will not engage in doing useless things. We are quite willing to approve of the cited cases, because in every one of them agreed statements of facts were filed so that no injury was done by the omission of the court to file his findings, indicating his viewpoint. The facts were therefore on file for review, which is not the case here.

For the reasons stated, and because of the failure of the trial court to timely file his findings of fact and conclusions of law, as requested, the judgment is reversed and the cause remanded for another trial.