TALIAFERRO v. SAER et al.    (No. 2024.)

Court of Civil Appeals of Texas.    El Paso.
April 7, 1927.

Rehearing Denied May 5, 1927.

1. Trial ⊂⇒390 — Findings and conclusions filed by judge of Fourteenth district court, after ten days from adjournment, cannot be considered (Rev. St. 1925, arts. 2247, 2092).

Under Rev. St. 1925, art. 2247, findings and conclusions filed by judge of fourteenth district court, after ten days from adjournment, are null, constitute no part of record, and cannot be considered for any purpose, though such court is governed by article 2092.

2. Appeal and error ⊂⇒544(1), 719(8)—Failure to file findings and conclusions in time presents no reversible error, in absence of assignment or bill of exception (Rev. St. 1925, art. 2247).

In absence of assignment or bill of exception complaining of court's failure to file findings and conclusions within time required by Rev. St. 1925, art. 2247, such failure presents no reversible error.

Appeal from District Court, Dallas County; Royall R. Watkins, Judge.

Action by the State against D. B. Taliaferro and others, in which named defendant made E. H. Saer a party, and asked judgment over against him. From a judgment denying judgment over, named defendant appeals. Affirmed.

Dabney, Goggans & Ritchie, of Dallas, for appellant.

Germany & Runge, Shelby S. Cox, and Claude D. Bell, all of Dallas, for appellees.

HIGGINS, J. The state brought this suit against D. B. Taliaferro, appellant, and others not necessary to mention, to recover taxes assessed against a parcel of land owned by appellant, and to foreclose tax lien.

Appellant made party to the suit his remote vendor, E. H. Saer, and asked for judgment over against him upon his general warranty of title to the premises.

The case was tried without a jury, and judgment rendered in favor of the state as prayed for, and denying appellant the relief sought against Saer. Taliaferro appeals, complaining only of that portion of the judgment denying the relief sought by him against Saer. The judgment was rendered by the district court of the Fourteenth judicial district on June 7, 1926, at a term beginning April 12, 1926, ending July 10, 1926.

[1] No motion for new trial was filed. On June 16, 1926, appellant filed request for findings and conclusions, and same were filed by the trial judge on August 17, 1926. No statement of facts appears in the record. The appeal is presented upon the findings and conclusions.

Under article 2247, R. S. 1925, these findings and conclusions were filed too late. The power of the trial judge to file his findings and conclusions ceases when ten days have elapsed from the adjournment of the court. Wandry v. Williams, 103 Tex. 91, 124 S. W. 85.

If filed after that date, they are null, constitute no part of the record, and cannot be considered for any purpose. Bliss v. San Antonio, etc. (Tex. Civ. App.) 173 S. W. 1176; Mo., K. & T. Ry. v. Wm. Cameron Co. (Tex. Civ. App.) 136 S. W. 74; Averill v. Wierhauser (Tex. Civ. App.) 175 S. W. 795; Velasco, etc., Co. v. Texas Co. (Tex. Civ. App.) 148 S. W. 1184; International & G. N. Ry. Co. v. Mudd (Tex. Civ. App.) 179 S. W. 686; Terrell v. Otis Elevator Co. (Tex. Civ. App.) 248 S. W. 467; First Nat. Bank v. Zundelowitz (Tex. Civ. App.) 168 S. W. 40; Patton v. T. P. C. & O. Co. (Tex. Civ. App.) 225 S. W. 857; Standard, etc., Co. v. Rowan (Tex. Civ. App.) 158 S. W. 251; Houston, etc., Co. v. Ragley-McWilliams Lbr. Co. (Tex. Civ. App.) 162 S. W. 1183; Sands v. Lemmerhirt (Tex. Civ. App.) 262 S. W. 125; Emery v. Barfield (Tex. Civ. App.) 156 S. W. 311; Owen v. Smith (Tex. Civ. App.) 203 S. W. 1171; Maverick v. Burney (Tex. Civ. App.) 30 S. W. 566; King v. Baldwin (Tex. Civ. App.) 37 S. W. 971; Beaumont Imp. Co. v. Carr, 32 Tex. Civ. App. 615, 75 S. W. 327.

In its practice and procedure the Fourteenth district court is governed by article 2092, R. S., but there is nothing in that article authorizing the filing of findings and conclusions later than that required by article 2247.

[2] There is no assignment complaining of the court's failure to file his findings and conclusions within the required time; nor is there any bill of exception to his failure so to do. Such failure, therefore, presents no reversible error. Cotulla v. Goggan & Bros., 77 Tex. 32, 13 S. W. 742; Landa v. Heermann, 85 Tex. 1, 19 S. W. 885; Springfield Fire & Marine Ins. Co. v. Whisenant (Tex. Civ. App.) 245 S. W. 963.

In the absence of both statement of facts and findings and conclusions which can be considered, none of appellant's assignments and propositions present any error.

Affirmed.