Appellant sued appellees for the recovery of real estate, alleging appellees executed and delivered to E. J. Pennell a warranty deed conveying the premises in question but retained a vendor's lien to secure payment of one certain promissory note of even date with the deed, executed by Pennell and payable to the order of appellee B. A. Acker; that said B. A. Acker, by instrument in writing, for valuable consideration and before maturity, transferred and assigned the note and lien to appellant.
Appellees, not being satisfied with appellant's statement of the nature and result of the suit, have set out in their brief, as their statement, the findings of fact and conclusions of law made by the court.
The real question complained of is reserved by a bill of exception as to the failure of the court to prepare and file his findings of fact at the time requested and the conclusions of law within the period of time prescribed by statute, and within ten days from the adjournment of said term of court. In approving the bill of exceptions the trial court qualified the same as follows: "My findings of fact and conclusions of law were filed on the 15th day of January, 1930, and before transcript was applied for." So there was nothing to prevent appellant from taking same up with the record. These findings did not come up in the record, but appellees discovering the omission duly filed its "Motion for permission to file supplement transcript," and as there was no separate answer filed objecting to its consideration, the motion is therefore granted and the same will be considered by the court.
While the findings seem very full, they must be regarded as sustained by the evidence. The failure to file findings of fact and conclusions of law is not per se reversible error. Appellant failed to show that it suffered any injury in making a proper presentation of its case, for the reason had it desired these findings they were available *Page 1091 
to it, having been filed and of record before it applied for the transcript.
The court found the only issue in controversy in this case was in favor of appellees. Rule 62 A; Humble Oil Refining Co. v. Johnston (Tex.Civ.App.) 5 S.W.2d 836; Riley v. Austin, 112 Tex. 216, 245 S.W. 907; Galveston, H. S. A. R. Co. v. Stewart Threadgill (Tex.Com.App.) 257 S.W. 526; Emery v. Barfield (Tex.Civ.App.) 156 S.W. 311; Springfield Fire Marine Ins. Co. v. Whisenant (Tex.Civ.App.)245 S.W. 963.
Findings of fact and conclusions of law were filed on the 8th day of January instead of the 5th day of January, and appellant did not apply for a transcript until the 13th day of March, about sixty days later. Nothing prevented appellant from making a proper presentation of its case on account of the delay of the court in not sooner filing it.
No new question is here presented because it has many times before been presented and decided. Humble Oil Refining Co. v. Johnston (Tex.Civ.App.) 5 S.W.2d 836; Galveston, H. S. A. R. Co. v. Stewart Threadgill (Tex.Com.App.) 257 S.W. 526; Emery v. Barfield (Tex.Civ.App.) 156 S.W. 311; Riley v. Austin, 112 Tex. 216, 245 S.W. 907.
As disclosed in this case, appellant did not apply for the transcript until almost sixty days after the findings of fact and conclusions had been filed by the court. The judgment of the court advised appellant of the court's finding of the real issue in the case. Riley v. Austin, supra, and adopted in Railroad v. Stewart Threadgill, supra.
Appellant, in its brief, frequently alludes to the findings of fact, such as that the court erred in finding the Acker deed to be null and void. Springfield Fire Marine Ins. Co. v. Whisenant (Tex.Civ.App.)245 S.W. 963. The findings of fact are quite full and clearly sufficient to support the judgment.
The case has been fairly tried, and finding no error assigned sufficient to reverse the case, the judgment is affirmed.
 On Motion for Rehearing.
As the majority of the judges do not agree to an affirmance, but insist upon a reversal of the judgment, I am willing to concur, though I have not altogether changed my views.
Upon the effect of the statute, I gave this question careful consideration and wrote the opinion in Q. Flores Son v. First State Bank of Mission, 266 S.W. 542. My associates think that case is authority for the reversal of this case. I do not. It will be observed that there is a shade of difference in the two cases.
In the Flores Case supra, one day before the court adjourned and three days after the trial of the case, the appellee, both orally and in writing, requested the court to file his findings of facts and conclusions of law, and again on the 18th day of March, 1924, after the adjournment of the court, appellant made the same request, it being the last day the court had for filing the same, and still the request was not complied with. The court adjourned on the 8th day of March for the term. Ten days after adjournment a very full finding of the facts and conclusions of law were filed, which governed the court in rendering the judgment he did.
We say in the Flores Case, supra, "when the court fails to file his findings within 10 days from adjournment they may be properly disregarded," citing authorities. In this case timely application was made to the court to file his findings, which were filed on the 8th day of January, instead of the 5th day of January, and appellant did not apply for a transcript until the 13th day of March, about sixty days later, and in time to have been included in the transcript.
It is provided in article 2247, R.S.:
"When demand is made therefor, the judge of a district or county court shall have ten days after adjournment of the term at which the cause was tried in said court in which to prepare his findings of fact and conclusions of law in cases tried before the court."
The judge is given "ten days after adjournment of the term" in which to prepare and file the same. There is no penalty attached for such failure, but our courts have held a failure of the judge to so do is reversible error. It is also firmly settled that such omission must appear to have prevented the proper presentation of the questions involved in the appeal, or that it could have operated to the prejudice of the appellants, and Chief Justice Phillips, in the case of Barfield et al. v. S.E. Emery et al., 107 Tex. 306, 177 S.W. 952, 953, further said:
"We agree with the view expressed in the dissenting opinion of Chief Justice Conner that it does not appear that the omission of the trial judge to duly file his conclusions prevented a proper presentation of the questions involved in the appeal, or that it could have operated to the prejudice of the appellants in that court. We are of opinion therefore that it did not in itself warrant a reversal of the judgment."
Justice Fly said, in Crocker v. Crocker, 19 Tex. Civ. App. 296,46 S.W. 870, 871: "There is, however, a full statement of facts in the record, and it does not appear that appellant was injured by the refusal to file the conclusions of law and fact. Bank v. Stout, 61 Tex. 567; Umscheid v. Scholz, 84 Tex. 265, 16 S.W. 1065."
So the question at last is: Did appellant suffer any injury, since the findings were *Page 1092 
filed in ample time to have been embraced in the record?
As my associates insist upon their view and that the case should be reversed, and as I have no desire to be obstinate, the judgment of the court is set aside, and the cause is reversed and remanded.