### A. J. McCOLL LAND CO. et al. v. HEDGES.

No. 9276.

Court of Civil Appeals of Texas. San Antonio.

March 7, 1934.

Rehearing Denied April 4, 1934.

McDaniel, Fulton & Thrasher and R. M. Bounds, all of McAllen, for appellants.

L. L. Gragg, of McAllen, for appellee.

FLY, Chief Justice.

This suit was instituted by J. B. Hedges, appellee, against A. J. McColl Land Company, a corporation, and McAllen Development Company, a corporation, alleging that appellee had purchased from C. E. Lambert, an agent of appellants, an assignment of certain fees claimed by Lambert as commission for selling real estate for the corporations.

The cause was tried by the court without a jury and judgment rendered in favor of appellee for the sum of $3,332.12.

The evidence showed that Lambert entered into a written contract with A. J. McColl Land Company, by which he was to receive 10 per cent. net commission on all sales of land made by him.

Lambert made a number of sales and transferred his claim for commission against the McColl Land Company to appellee. It was the claim of appellee that the McAllen Development Company was associated with the A. J. McColl Land Company as a partner or otherwise in the sales of land made by Lambert and was liable to him jointly with the A. J. McColl Land Company. The written contract with Lambert was not signed by the McAllen Development Company but by the McColl Land Company alone.

Both appellants allege that the request provided for by article 2247, R. S. 1925, as amended by Acts 1931, c. 76, § 1 (Vernon's Ann. Civ. St. art. 2247), was made to the trial judge for findings of fact and conclusions of law. The request was made in writing on the part of one of the appellants, and after thirty days, there being no compliance with the request, a second request for the findings of fact was made to the judge. To these requests the trial judge made no response whatever and failed and refused to make his find-

ings of fact and conclusions of law. The parties complied fully with the terms of the statute in procuring findings of fact and conclusions of law, but the trial judge either negligently or disobediently declined or failed to comply with the duties required of him by the statute. The parties filed full statement of the facts in the court below which has been sent to this court on appeal, and it is insisted by appellee that the making and filing of a statement of facts was a waiver of any ground for complaint that appellants might have for the failure of the judge to comply with the statutes. There are decisions of some of the Courts of Civil Appeals which hold flatly that agreeing to a statement of facts, after a trial judge had refused to file his findings of fact, would be a waiver of any complaint against the failure of the trial judge to file his findings of fact. Guadalupe Co. v. Poth (Tex. Civ. App.) 153 S. W. 919; 3 Tex. Jur. § 350, p. 508; Riley v. Austin, 112 Tex. 216, 245 S. W. 907. However, the older decisions on the question seem to have been modified and qualified by later decisions in which it is stated that the mere agreeing to and filing of a statement of facts will not destroy the right to complain unless it appears from the record that appellant has suffered no injury by the failure or refusal of the trial judge to file his findings of fact. Casualty Reciprocal Exch. v. Underwood (Tex. Civ. App.) 33 S.W.(2d) 585. Applying that rule to the facts in this case, we hold that it is not apparent that appellants were not injured by the failure to file the findings of fact. Further than that we are of the opinion that the statement of facts shows that both of appellants were probably injured by the failure to file the findings of fact. For instance, appellee relied on his allegations that the parties were so associated in business that Lambert, by being employed as the agent of the McColl Land Company, became the agent of the McAllen Development Company. No connection is shown between Lambert and the McAllen Development Company in the making of the contract for commissions, which was signed by Lambert and the McColl Land Company alone. The facts fail to disclose that Lambert at any time acted under the orders and instructions of the McAllen Development Company, but was the agent alone of the McColl Land Company.

The allegations as to the relationship existing between the two corporations are vague and indefinite and fail to show how the two companies acted together in the sale of lands. In one part of the pleadings it is stated that the McColl Land Company sold lands for the McAllen Development Company just as it might have done for any person or corporation desiring to sell land. It became a vital question to both of appellants to ascertain the ground upon which the trial judge based his opinion that both corporations were acting together in some capacity not apparent.

Under the circumstances the findings of fact of the trial judge might have revealed the grounds upon which he acted in charging both appellants to be liable for the commissions due Lambert.

 We are of the opinion that under the facts of the case appellants had cause of complaint against the denial of the trial judge to comply with the statute and give them his findings of fact and conclusions of law. We therefore hold that the filing of the statement of facts did not waive any complaint that appellants had against the trial judge's failure to file his findings of fact and that under the circumstances the error of the judge was such as to demand a reversal of the judgment rendered by him.

It is therefore ordered that the judgment of the lower court be reversed and the cause remanded.