### DEAN RUBBER MFG. CO. v. TOM W. GRACE CO.

#### No. 2356.

Court of Civil Appeals of Texas. Waco.

May 8, 1941.

Roy W. McDonald and Herbert S. Bonney, Jr., both of Dallas, for appellant.

Angelo Piranio, Hughes & Monroe, and P. P. Ballowe, all of Dallas, for appellee.

RICE, Chief Justice.

This is a suit for recovery on open account for the sum of $200 and interest, brought by appellant, Dean Rubber Manufacturing Company, a corporation, against appellee, Tom W. Grace Company, a corporation, in the justice court, precinct No. 1, Dallas county. On trial de novo, on appeal to the county court at law No. 2, Dallas county, trial was had to the court without a jury and judgment was rendered that plaintiff take nothing against defendant. From this judgment plaintiff perfected its appeal.

No statement of facts accompanies the record. An inspection of the transcript reveals that it does not contain a request by either of the parties to this appeal that the trial court file his findings of fact and conclusions of law; nor is it shown in the transcript that either plaintiff or defendant at any time in writing called to the attention of the trial court his failure to file findings of fact and conclusions of law within the time provided by Article 2247, Vernon's Ann.Civ.Stats. Judgment was rendered by the court on March 18, 1940, that plaintiff take nothing against defendant, and plaintiff's motion to set the judgment aside was overruled by the court on March 29, 1940. Although no request therefor is revealed by the record, the trial court filed his findings of fact and conclusions of law with the county clerk on the 8th day of May, 1940. The transcript in this cause was filed in the Court of Civil Appeals on May 28, 1940, the last day on which same could be filed. Article 1839, Vernon's Ann.Civ.Stats., as amended.

Appellee objects to the consideration by this court of the findings of fact and conclusions of law filed by the trial court because said findings of fact and conclusions of law were not prepared and filed by the trial court thirty days before the time for filing the transcript in this cause. It appears that appellee's objection is well taken. As shown above, said findings of fact and conclusions of law were filed on May 8, 1940, only twenty days before the time for filing the transcript in this cause expired; and, as stated above, plaintiff did not in writing, within five days after such period, call the omission to the attention of the trial judge. Article 2247, Revised Statutes, provides that when demand is made therefor, the judge of a district or county court, thirty days before the time for filing transcript in the cause, shall prepare his findings of fact and conclusions of law in any case tried before the court. The article further provides that if the court shall fail so to prepare them, the party so demanding, in order to complain of the failure, shall, in writing, within five days after such period, call the omission to the attention of the judge, whereupon the period for due preparation and filing shall be automatically extended for five days after such notification. Article 2208, Revised Statutes, provides that upon a trial by the court the judge shall, at the request of either party, state in writing the conclusions of fact found by him separately from the conclusions of law, and that such findings of fact and conclusions of law shall be filed with the clerk and shall be a part of the record. It appears that the provisions of Article 2247 in respect to the time for the filing by the trial court of his findings of fact and conclusions of law is mandatory; and that unless such findings and conclusions are filed as therein provided, the same can not on appeal be considered by the Court of Civil Appeals. Guadalupe County v. Poth, Tex.Civ.App., 153 S.W. 919; Melvin v. A. J. Deer Co., Tex. Civ.App., 126 S.W. 681; Sutherland v. Kirkland, Tex.Civ.App., 134 S.W. 851; Valley Box & Crate Factory, Inc. v. Acker, Tex. Civ.App., 31 S.W.2d 1090.

We have examined the record for fundamental error and find none. It is our opinion that the judgment of the trial court should be, and the same is hereby affirmed.