### J. N. WINTERS ET AL. v. W. H. PORTWOOD.

#### Decided February 22, 1908.

**Broker—Commissions—Evidence.**

In order to entitle a land agent to commissions which he would have made but for the refusal of the owner to consummate the sale, it must appear that the prospective purchaser was ready, able and willing to accept the terms proposed by the owner. Evidence considered, and held not sufficient to entitle an agent to recover commissions claimed by him.

Error from the District Court of Baylor County. Tried below before Hon. J. M. Morgan.

*W. P. McLean* and *J. T. Montgomery,* for plaintiffs in error.

*Glasgow & Kenan* and *J. W. Bullock,* for defendant in error.

CONNER, CHIEF JUSTICE.—This action was instituted by plaintiffs in error in their partnership · name of the Winters-Daniel Company to recover from defendant in error thirty-seven hundred and fifty dollars, with interest thereon, alleged to be due as commissions for the sale of a body of land containing about twelve hundred and fifty acres. The basis of the action is thus stated in the petition: · "That on or about the 12th day of May, 1905, the said defendant made and entered into an agreement with the plaintiffs by the terms of which he agreed that if the said plaintiffs should on or before the 1st day of September, 1905, sell his said ranch for the sum

of six dollars per acre upon the following terms: one-third cash, and the balance in four equal annual payments, the deferred payments to bear interest at the rate of eight percent per annum, to be secured by a vendor's lien; that he would pay them as a commission in consideration of their services, five percent on the price for which the said land was sold. That on or about the 1st day of June, 1905, the plaintiffs, upon the terms authorized by the defendant, sold and contracted and agreed to sell to C. E. Stewart, of Tarrant County, Texas, the said ranch, and the said Stewart was then and there ready, willing and amply able to purchase said ranch upon the said terms, and was ready to comply in all respects with the terms of said offer to sell, and the said defendant then and there wholly failed and refused to carry out the said contract, or to execute and deliver a deed to the said Stewart, or in any way to carry out and perform his part of the said contract."

The defendant in error answered by general demurrer and a general denial. The trial resulted in a verdict and judgment for defendant in error, from which this writ of error has been prosecuted.

The assignments principally urged are those which question the sufficiency of the evidence to sustain the verdict and judgment. The evidence is quite voluminous, consisting for the most part of correspondence, and no material conflict appears. We have carefully considered the same and have been unable to avoid the conclusion that the undisputed evidence shows that the trial resulted in the only judgment that could have been properly rendered. The sale to Stewart relied upon by plaintiffs in error is evidenced by a letter of June 1 that plainly was not an acceptance of the terms first specified in defendant's letter of May 12, 1905, nor of the subsequent written proposition made to him by defendant in error. Defendant in error's final proposition, which seems not to have been specifically declared upon, was for the sale of land and cattle as a whole, and to this Stewart replied with a counter proposition that, so far as we have been able to see, can not be construed as an acceptance of any of the written terms of sale ever made by the defendant in error.

There are a number of other assignments criticising the action of the court in giving and refusing charges, but they become entirely immaterial in view of the conclusion above announced. It is ordered that the judgment be affirmed.

*Affirmed.*