## FIRST TEXAS PRUDENTIAL INS. CO. v. GAMBLE et al. (No. 36.)

(Court of Civil Appeals of Texas. Waco. Dec. 13, 1923. Rehearing Denied Jan. 17, 1924.)

**1. Appeal and error ⊙═1071(1)—Trial court's failure to file findings of fact and conclusions of law within time required held not prejudicial.**

That the trial court failed to file its findings of fact and conclusions of law until two months after term of court at which the case was tried, held not prejudicial where the transcript contained the findings of fact and conclusions of law as filed by the court, and a full statement of facts approved by the attorneys for both parties and by the court accompanied the record.

**2. Insurance ⊙═668(7)—False representation as to whether insured was pregnant held not to avoid policy as matter of law.**

Where policy provided that it would be avoided if answers in the application were not correct, and insured, in answering a question therein, stated she was not pregnant, when in fact she was, and she died five months after birth of child, there being evidence that 30 days before her death she was in good health, and that her death resulted from Bright's disease, and no evidence that she perpetrated a fraud on insurer, held that, in view of Rev. St. art. 4959, providing that a misrepresentation as to an immaterial fact not affecting risk assumed will not avoid policy, the policy was not avoided as a matter of law by reason of the misrepresentation, but it was a question of fact whether pregnancy contributed to her death.

**3. Appeal and error ⊙═692(1)—Bills of exception as to refusal to permit appellant to ask questions of witnesses held not to present reversible error.**

Bills of exception assigning error for trial court's refusal to permit appellant to ask certain questions of witnesses held not to present reversible error where they did not show what appellant intended to prove or show by the witnesses.

Appeal from McLennan County Court; Giles P. Lester, Judge.

Action by Amanda Gamble and husband against the First Texas Prudential Insurance Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

W. L. McConnell, Ludwell Lincoln, and Williams & Williams, all of Waco, for appellant.

E. B. Baker, of Waco, for appellees.

BARCUS, J. On January 9, 1922, appellant issued an insurance policy on the life of Maria Swoops for the sum of $240, payable to appellee, the mother of insured. The policy is under the standard form, and provides that same is issued "in consideration of the statements made in the application for this insurance, which are made a part of this policy, and due payment of the weekly premium stated," the premium to be paid being 15 cents per week. The policy provides that same shall be void if "the insured dies before delivery of the policy or is not in sound health at the time of delivery * * * or if the application for this insurance was not signed by the insured and answers were not complete and correct."

The insured died on July 16, 1922. At the time the insurance was applied for, among other questions, the insured was

asked if at that time she was pregnant, and she answered said question "No." As a matter of fact she was at said time pregnant, and about three weeks thereafter gave birth to a child. No medical examination was made of the insured at the time the application was taken and the policy delivered. After the death of the insured the proper notices were given and proof of death prepared and sent to the company. The policy was not paid, which resulted in this suit being filed.

Appellant claims that it is not liable because of the false statement made by the insured at the time she made her application with reference to her pregnancy, and alleged that, if it had known that fact, it would not have issued the policy of insurance, and alleged that it did not know said statement was untrue until after the death of the insured.

[1] The cause was tried before the court, and resulted in a judgment for the appellee. The appellant requested the trial court to file its findings of fact and conclusions of law. The trial court filed same on the 8th of May, 1923, some two months after the term of court at which the cause was tried; and on the 9th of May a complete statement of facts, approved by the attorneys for appellant and appellee and by the court, was filed. The transcript filed in this cause by appellant contains the findings of fact and conclusions of law as filed by the court, and the full statement of facts also accompanies the record.

Appellant complains of the trial court's failure to file its findings of fact and conclusions of law within the time required by law. In this case there is a full statement of facts in the record, as well as the conclusions of law and findings of fact prepared and filed by the court, and it does not appear that appellant has been injured by reason of the nonperformance of such duty by the court, and said assignment is overruled. Umscheid v. Scholz, 84 Tex. 265, 16 S. W. 1065; Crocker v. Crocker, 19 Tex. Civ. App. 296, 46 S. W. 870; Emery v. Barfield (Tex. Civ. App.) 156 S. W. 311, in which case the Supreme Court, in 107 Tex. 306, 177 S. W. 952, approved the dissenting opinion of Chief Justice Conner, and stated:

"We agree with the view expressed in the dissenting opinion of Chief Justice Conner that it does not appear that the omission of the trial judge to duly file his conclusions prevented a proper presentation of the questions involved in the appeal, or that it could have operated to the prejudice of the appellants in that court. We are of opinion therefore that it did not in itself warrant a reversal of the judgment."

We are aware of the holding of the Supreme Court in Wandry v. Williams, 103 Tex. 91, 124 S. W. 85; but in that case there was no statement of facts filed, and the judgment of the Supreme Court in said case is not, we think, in conflict with its opinion in the Barfield v. Embry Case, supra.

[2] Appellant contends that the judgment is erroneous in that, when the insured made her application for the insurance, she stated she was not pregnant, when as a matter of fact she was, and that said answer being false would prevent as a matter of law appellees' recovery. The insured lived at least 5 months after the birth of her child, and from the evidence she was in good health until about 30 days before her death, and continued to do her usual work until about 2 weeks before her death. The doctor testified that she died from Bright's disease, and that Bright's disease is often contracted quickly, within a month or two. At the time the application for the policy was taken the insured was sitting in her house with the other members of the family, and signed the application, and was in plain view of the agent of the company who took the application for insurance; and there is no evidence of any fraud being perpetrated upon the company. Under article 4959 of the Revised Statutes it is provided that—

"No recovery upon any life, accident or health insurance policy shall ever be defeated because of any misrepresentation in the application which is of an immaterial fact and which does not affect the risks assumed."

It was a question of fact as to whether the pregnancy of the insured in any way contributed to her death, and this was decided by the trial court against the appellant. Blackstone v. Kansas City Life Ins. Co., 107 Tex. 102, 174 S. W. 821; Wright v. Federal Life Ins. Co. (Tex. Com. App.) 248 S. W. 325; Guarantee Life Ins. Co. v. Evert (Tex. Civ. App.) 178 S. W. 643; Ætna Life Ins. Co. v. King (Tex. Civ. App.) 208 S. W. 349.

[3] The appellant assigns error because of the trial court's refusal to permit it to ask certain questions of the witnesses Dr. Lovelace and R. P. Bailey. The bills of exception do not show what appellant intended to prove or show by said witnesses, and do not therefore present any reversible error. El Paso Electric Ry. v. Bolgiano (Tex. Civ. App.) 109 S. W. 388.

We have examined all of the assignments of error, and do not think any of them present reversible error. The judgment of the trial court is affirmed.