## SOUTHERN SURETY CO. v. BENTON.*
### (No. 7229.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 1, 1924. Rehearing Denied Dec. 24, 1924.)

Insurance ☞291(2)—False answer as to health held not to avoid policy where not contributing to contingency upon which policy payable.

In view of Rev. St. art. 4959, insured was entitled to recover under health policy for time lost by sickness, notwithstanding he stated he was in good health, whereas he had tuberculosis and pyorrhea, where jury found that such statement was not fraudulently made, and that such condition did not contribute to illness upon which claim was based, and insurer had knowledge of facts when policy was issued.

Appeal from Bexar County Court; McCollum Burnett, Judge.

Action by Jonas A. Benton against the Southern Surety Company. From judgment for plaintiff, defendant appeals. Affirmed.

Barrett & Barrett, of San Antonio, for appellant.

Carlos Bee and Douglas, Carter & Childers, all of San Antonio, for appellee.

COBBS, J. Appellee sued appellant to recover on a policy of insurance issued by appellant, described as "Business and Professional Men's Policy," for loss of time resulting from sickness or illness alleged to be covered by said policy, and for 12 per cent. additional damage for failure to pay within the time required by law, and for $100 reasonable attorney's fees. It is alleged that on July 17, 1923, appellee became ill from intestinal intoxication, and was confined to his bed with said illness for a period of 4 months, during which time he was unable

to follow his occupation or attend to any business.

The answer of appellant was general and special exceptions and denial of any liability: First, because at the date when said policy took effect the appellee was not in good health, and free from the effects of any disease, injury or bodily infirmity, as required and agreed to by the application for said policy of insurance, but was afflicted with tuberculosis and pyorrhea at the delivery of the policy, which diseases were the contributory causes upon which appellee bases the claim for sick indemnity; second, that the policy was obtained by misrepresentations that were material to the issuance of the policy, and actually contributed to the contingency upon which the policy was issued, and falsely and fraudulently answered question No. 9, therein, to wit, "Does your income per week exceed the gross amount of single weekly indemnity under all policies now carried by you?" which question was answered "yes" by appellee, whereas he was earning only $40 per week or $160 per month, and the policy provided for a sick indemnity of $200 per month; and that appellee falsely and fraudulently answered question No. 15, in said application, "Are you in sound condition, mentally and physically?" to which his answer was "Yes," when he was at that time afflicted with pyorrhea and tuberculosis, and was drawing compensation therefor from the United States government as a disabled soldier; also that he falsely and fraudulently answered question No. 16, in said application, "Have you been disabled or had any medical or surgical treatment during the past five years?" by answering "No," and failed to disclose the aforesaid ailments, and concealed from the appellant his true physical condition.

Appellant further alleged that:

"The plaintiff was in default of the agreed premium for the policy until on or about July 18, 1923, one day after his alleged illness began, and the policy provided that in such event it would only cover such sickness as might begin more than 10 days after acceptance of said premium."

And that:

"The defendant notified plaintiff on September 10, 1923, within 90 days after discovering the falsity of the misrepresentations in his application for said contract of insurance that it would not be bound thereby, and tendered plaintiff the premium paid on said policy, and canceled same."

Appellee filed a full, responsive reply to appellant's answer. The case was tried before a jury and submitted upon special issues. Upon the findings and verdict of the jury, the court rendered judgment for the plaintiff for the sum of $996; being $800 for loss of time, $96 penalty, and $100 attorney's fees.

The jury answered that appellee was not in good health at the time the policy was issued to him, and was not free from the effects of any disease, and that the statement that he was in sound condition mentally and physically was false, but that appellee did not make an untrue answer falsely and fraudulently. Nor was the answer that was made material to the risk or actually contribute to the contingency or event on which said policy of insurance became due and payable. That the answer of appellee that he had not been disabled nor had any medical treatment during the past 5 years was false, but that appellee did not, with the intent of inducing the appellant to issue and deliver said policy of insurance, fraudulently make an untrue answer to question No. 16, nor was it material to the risk or actually contribute to the contingency or event on which said policy was issued.

We have set out only the questions and answers of the jury that we think material for the disposition of this case, and when reduced they are (a) that appellee was not in good health when the policy was delivered; (b) that the false answers were not made with the intent and purpose of inducing the appellant to issue the policy, nor to make a false, untrue and fraudulent answer; (c) that the false answers were not material to the risk, and did not actually contribute to the contingency or event on which said policy of insurance became due and payable. While the jury has found that the appellee's answer as to his sickness at the time of the delivery of the policy was false, that becomes immaterial by the further finding that such answer was not fraudulently made, nor was it such a sickness or disease that contributed to his sickness for which this claim is made. The single false answer as to his previous sickness is not material, under our statute. The decisions of the Supreme and Appellate Courts construing the law, establish the rule that false answers alone, will not per se avoid a policy, unless it be shown in connection therewith, that the false representations in question were material and actually contributed to the contingency upon which the policy became due and payable. Here the cause of illness was intestinal auto intoxication. His condition existing at the time of the delivery of the policy did not, according to the jury's finding, contribute to the illness upon which this claim is based; besides, appellant knew all the facts through its agent when the policy was issued. First Texas Prudential Ins. Co. v. Gamble (Tex. Civ. App.) 257 S. W. 1006; Rev. Stats. art. 4959.

We have carefully examined all the points raised by appellant, and considered all the assignments raised. Without setting them out or discussing the points separately, we have confined our discussion more particu-

larly to the real points raised, and find no reversible error assigned. Believing this case to have been fairly tried, and substantial justice done, the judgment is affirmed.