### KEY v. BRAMMER. (No. 356.)

(Court of Civil Appeals of Texas. Waco. April 29, 1926. Rehearing Denied May 20, 1926.)

1. **Appeal and error** &#8680;1071(1)—**Trial court's failure to timely file findings and conclusions is not ground for complaint, where no resulting harm or injury is shown.**

Appellant cannot complain of trial court's failure to file findings of fact and conclusions of law in time required by statute, where there is a full statement of facts approved by him, and such failure is not shown to have harmed or injured appellant.

2. **Appeal and error** &#8680;692(1)—**Bill complaining of refusal to permit witness to answer question presents no reversible error, where it fails to show what was expected to be proven by witness.**

Bill of exceptions, complaining of refusal to permit witness to answer question, presents no reversible error, where it fails to show what was expected to be proven by such witness in answer to question asked.

3. **Appeal and error** &#8680;662(3).

Appellant, who accepts bill of exceptions as qualified by trial judge, is bound by such qualifications.

Error from Tarrant County Court; H. O. Gossett, Judge.

---

&#8680;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

(283 S.W.)

Action by G. H. Brammer against G. W. Key. Judgment for plaintiff, and defendant brings error. Affirmed.

Jno. L. Poulter, of Fort Worth, for plaintiff in error.

E. S. Allen, of Fort Worth, for defendant in error.

BARCUS, J. This suit was instituted by appellee against appellant in the justice court to recover $100, which he claimed appellant was due him for services rendered. Appellee alleged that appellant and one L. A. Williams were on a deal to exchange real estate, and that appellant agreed to pay him (appellee) $100 if he would obtain the signature of L. A. Williams to a contract of exchange which appellant had prepared. He alleged he did perform said services and secured the execution of said contract. Appellant defended on the ground that he was to pay the $100 only on condition that the trade between him and said Williams was finally consummated, and that, since the contract was not finally consummated, he was not indebted to appellee. The cause was tried to the court, and resulted in a verdict for appellee for the amount sued for.

[1] Appellant presents only two assignments of error. The first is that the trial court erred in failing to file findings of fact and conclusions of law in the time required by the statute. There is with the record a full and complete statement of facts, which was approved by appellant, and it does not appear that any possible harm or injury has accrued to appellant by the failure of the trial court to file his findings of fact and conclusions of law. This assignment is overruled. First Texas Prudential Ins. Co. v. Gamble (Tex. Civ. App.) 257 S. W. 1005.

[2, 3] Appellant complains of the action of the trial court in refusing to permit the witness L. A. Williams to answer a question which he was asked while on the witness stand; same being objected to by appellee because it was immaterial and irrelevant and because the question as asked contained three or four questions. We think the question asked was multifarious, and the objection was properly sustained. The bill of exception fails to show what he expected to prove by said witness in answer to the question asked, and same does not therefore present reversible error. First Texas Prudential Ins. Co. v. Gamble, supra; El Paso Electric Ry. v. Bolgiano (Tex. Civ. App.) 109 S. W. 388. The bill of exception states that appellant intended to prove, in response to the question asked and other questions to be asked, certain facts which he set out in the bill of exception. The trial judge qualified said bill of exception by stating that the other questions were not asked, and that he was not called on to pass upon any other questions. Appellant, having accepted the bill of exception as qualified, is bound by said qualifications. San Antonio Traction Co. v. Settle, 104 Tex. 142, 135 S. W. 116; Watson v. Beall (Tex. Civ. App.) 279 S. W. 543.

The judgment of the trial court is affirmed.