## AMERICAN SURETY CO. OF NEW YORK v. BLAINE. (No. 10211.)

Court of Civil Appeals of Texas. Dallas. July 14, 1928.

Rehearing Denied Oct. 13, 1928.

R. L. Stennis, of Dallas, for appellant.

W. H. Flippen and John W. Miller, both of Dallas, for appellee.

JONES, C. J. In a suit instituted in a district court of Dallas county by R. A. Blaine, Jr., appellee, against the American Surety Company of New York, appellant, to recover on a policy issued by appellant insuring appellee in the sum of $1,500 for a period of one year from May 17, 1921, against loss by burglary or theft of precious stones, jewelry, etc., owned by him, a judgment was rendered in appellee's favor for the sum of $1,191, with interest at the rate of 6 per cent. per annum from July 5, 1921, amounting to $1,612.55. Appeal has been duly prosecuted to this court.

The facts are: On the night of July 5, 1921, the premises where appellee resided in Oak Cliff, city of Dallas, were burglarized, and a diamond stickpin was stolen from him. At the time appellee and another man occupied a room in the lower apartment of a two-story duplex apartment house. This apartment was leased and occupied by the brother of appellee, and the upper apartment was occupied by the owner of the building. There was no direct communication between the two apartments. At the time of the issuance of the policy in question, appellee was the owner of a diamond stickpin and one or two diamond rings. At the time of the burglary, the diamond stickpin was in the shirt that had been taken off and laid in the room when appellee retired for the night. The shirt was found the following morning, lying in the yard, with the stickpin missing. Appellee at once reported his loss to the police and to the Miller Stemmons Company, local insurance agents for appellant and for other insurance companies. Shortly after the burglary, under the direction of said local agency, appellee made a written, verified claim of his loss, delivered same to said agency, and was informed that this was all he would have to do for his claim to be adjusted. It does not appear that any other proof of loss was made by appellee.

The policy contained a stipulation that:

"Affirmative proof of loss or damage under oath on forms provided by the company must be furnished to the company at its home office in New York City within 60 days from the date of the discovery of such loss or damage."

Some time prior to the issuance of the policy in suit, appellee had made written application for, and had taken out, through the same local agency, a similar policy in another company. Later he received notice from this local agency that the company issuing the first policy had ceased to write that character of insurance, and he was requested to return that policy and receive another one from them in a different company. This policy was returned to the local agency, and appellant's policy sent to appellee in lieu thereof.

Appellee made no additional written application to the local agency for the policy issued by appellant, and the application for its issuance was presumably made by the local agency. When appellee received the latter policy, he placed it in his safe without reading it, assuming it to be the same character of policy as the former one. In the application for the first policy, appellee explained to said local agency the conditions existing in reference to his occupancy of the room in the Oak Cliff premises, and this application contained the statement that the house was a two-story duplex apartment. In the policy in suit, the premises are described as a private residence, and that they are occupied for private residence purposes only. The policy also contains a clause that:

"If the premises are located in a building in which more than two families reside, the company's liability to any portion of the building used in common by other tenants, except that as represents the aforesaid property contained in one or more storerooms provided by the landlord for the use of the assured and located in said building, shall be limited to $50."

In appellant's first amended original petition, on which the case was tried, it is alleged that:

"Defendant and its duly authorized agents, with full and complete knowledge of all the facts with reference to all matters contained and set forth in said policy, and with full and complete knowledge as to the location of said property and said premises, and the condition of same and the use to which same was put, elected to become bound therefor, and for a valuable consideration, to it in hand paid by plaintiff, issued and delivered to said plaintiff the said policy above described. Wherefore said defendant became liable and bound therefor, and is estopped to deny that said policy contains the true facts, or to raise any question as to said policy, its terms and provisions."

A copy of the insurance policy is attached to the petition and made a part thereof. The original petition alleged the theft of a diamond ring, instead of a diamond stickpin. This, however, appears to have been the mistake of the attorney, as the report to the police department, and the sworn statement to the insurance company, made before the filing of such petition, described a diamond stickpin as the property stolen. The first amended original petition was filed October 25, 1923, more than two years after the theft. Appellant's answer was full and complete as to its defenses, and clearly raised all the issues herein discussed.

The case was tried to the jury on special issues, and in response to these issues the jury found that: (a) The loss was a diamond stickpin, and not a ring; (b) the diamond stickpin described in appellee's pleading was stolen; (c) such diamond stickpin was stolen from appellee from his room in the Oak Cliff premises; (d) the cash market value of the stolen diamond at the time of the theft was $1,191 in the city of Dallas; (e) appellant's agent or agents had full knowledge and information of the conditions and circumstances of the said Oak Cliff premises at the time it issued the insurance policy; (f) appellee gave notice on or about the day following the loss to the agents of appellee at the office of the Miller Stemmons Company in Dallas; (g) the diamond stickpin was taken from appellee without his knowledge and consent, while he slept in one of the rooms of the Oak Cliff premises; (h) appellee had no other burglary, theft, or arson insurance covering any part of the Oak Cliff premises, other than appellant's policy. These findings are supported by substantial evidence and are adopted as the findings of this court.

There was a former trial of this case resulting in favor of appellee, and on appeal was reversed by the Court of Civil Appeals for the Sixth District. From this judgment appellant prosecuted a writ of error to the Supreme Court, on the theory that the case should have been rendered in its favor. The Supreme Court, in a brief per curiam opinion, denied the writ of error, " * * * for the reason that no error appears in the opinion of the Court of Civil Appeals as against the applicant, the American Surety Company of New York." The Court of Civil Appeals' opinion is in 272 S. W. 828, and the Supreme Court opinion is in 115 Tex. 147, 277 S. W. 619. The opinion of the Supreme Court also contains the following observation:

"We do not agree, however, with the Court of Civil Appeals that the clause in the policy providing for proof of loss to be furnished at the home office of the company within sixty days is not in violation of Revised Statutes 1925, art. 5546."

The effect of the jury finding is that the proof of loss was made and delivered to the local agency in Dallas, and the undisputed evidence is that, when appellee had delivered such proof of loss, he was informed by appellant's local agent that that was all he would be required to do, and that he relied on that statement. The Court of Civil Appeals held in its opinion that the clause in the policy, requiring proof of loss to be sent to the home office within 60 days, was a binding contract, not in violation of the provisions of article 5546, and not complied with by presenting a proof of loss to the local agency. The Court of Civil Appeals held against appellant in reference to its contention that the contract period of one-year limitation within which to file the suit would control, but that the four-year statute of limitation was applicable, and this holding was approved by the Supreme Court. These two decisions dispose of a number of appellant's contentions in this case, and the assignments of error relating to these contentions are overruled without further discussion.

The primary question for consideration on this appeal arises from the fact that the description of the premises in which appellee resided is misstated in the insurance policy. The effect of the description in the policy is that the building was a private residence occupied only by appellee, while the undisputed evidence shows that the building was a duplex apartment, with two families residing therein, and that appellee occupied a room in the lower apartment with the family of his brother-in-law. Appellant contends that, as appellee declared on the policy, he must be held to its terms, and that under the terms of the policy there can be no recovery in a suit for the value of the stickpin, under this undisputed evidence, and it was error for the court to refuse its peremptory instruction. The error of appellant rests in a failure to state accurately the cause of action alleged by appellee, in that no account is taken of appellee's plea of estoppel. The effect of this plea, when considered in connection with the other allegations of appellee's petition, is to declare on a cause of action under the terms of a contract of insurance, as those terms are set forth in the policy, and to declare that appellant is estopped to challenge the correctness of the description of the condition of the premises as such condition is set forth in the policy, because its local agent prepared such description of the premises after he had been fully informed by appellee of the true condition of the premises in the respects called for by the policy, and it was on this theory that the trial court allowed a recovery, although the undisputed evidence showed that the premises in which appellee resided were incorrectly described in the policy.

It will be remembered that appellant's local agency first secured for appellee the issuance of a similar policy in another company, and that under the testimony of appellee he correctly stated at this time his living conditions, and that the policy issued correctly reflected such conditions; that, when the policy in question was issued, he was not called on by appellant's local agency to make another application, or to make any other description of the premises in which he lived, and that the misdescription of this fact contained in this policy was the mistake of the agent, who assumed to act on this information theretofore given, and not appellee's mistake. This evidence was not disputed by the local agent, and appellee assumed that the policy contained the description of the premises as he had given same, and did not know of the misdescription until after the theft.

■ The question, therefore, resolves itself into this: Can appellant avoid this policy on the ground of misrepresentations contained therein, material to the risk, when the true facts concerning such misrepresentations were not only known to its local agent, but actually made by him without the knowledge or authority of appellee? This question must be answered in the negative. Mecca Fire Insurance Co. v. Smith (Tex. Civ. App.) 135 S. W. 688; Wagner v. Westchester Fire Ins. Co., 92 Tex. 549, 50 S. W. 569 (authorities therein cited); Law of Insurance (Joyce) § 477a and § 479; Briefs on the Law of Insurance (Cooley) vol. 7, §§ 2622 and 2633, and authorities therein cited. We therefore hold that, under the facts of this case, appellant is estopped to deny that the true conditions were stated in the policy, and we overrule all of appellant's assignments of error on this issue.

■ Appellant contends that it was error to refuse a number of its special requested instructions submitting special issues to the jury. Each of these issues requests a finding of fact in reference to a condition existing at the premises where appellee resided. None of them requested a submission as to the knowledge of appellant's local agent in reference to the misstatement of these conditions in the policy. They were, therefore, in reference to evidentiary matters, and were correctly refused.

There are other assignments of error, which we do not deem necessary to discuss, but which we have examined and overruled as being without merit. Finding no reversible error, it is the opinion of this court that this cause should be affirmed.

Affirmed.