HOME MUT. LIFE INS. ASS'N OF BROWNWOOD v. POOL. (No. 7361.)

Court of Civil Appeals of Texas. Austin.
May 1, 1929.

Rehearing Denied May 22, 1929.

McGaugh & Darroch, of Brownwood, and J. Mitch Johnson, of San Saba, for appellant. N. C. Walker, of San Saba, for appellee.

McCLENDON, C. J. Appellee, as beneficiary, sued appellant, a mutual benefit association, upon a certificate issued by appellant upon the life of George M. Pool. Appellant's defense was that assured had falsely stated in his application that he was in good health and free from any disease that would prevent him from obtaining life insurance, and had warranted the truth of said statement; that the application was signed by C. A. Harkey, agent; that Harkey knew of the falsity of the statement, and did not disclose that fact to appellant. For present purposes, we will assume that this pleading was tantamount to an allegation of fraud. With reference to Harkey's agency, appellant alleged that he had no authority to solicit and take applications, except that Muse, secretary of the association, had stated to Harkey "that, if he, the said Harkey, wrote some good risk in his association, and the insured wanted more insurance, that he the said Muse would write him in defendant association, but the said C. A. Harkey had no authority whatever to take an application for membership of any person not a member of his association, and had no authority to solicit and take application of any person not in good health whether a member of his association or not."

Appellee pleaded the agency of Harkey and his authority to bind the company with knowledge acquired by him, and asserted Harkey's knowledge of assured's condition of health as an estoppel to assert the invalidity of the certificate. The trial was to a jury upon special issues. The first issue was whether assured was in good health at the time the application was made. The other issues related to Harkey's agency and whether he acted in good faith towards appellant in sending in the application. The jury answered the first issue to the effect that Harkey was in good health when the application was made, and did not answer the remaining issues because they were instructed to answer them only in case they answered the first in the negative. Appellant objected to the submission of all issues, except the first, on the ground that an answer to the first either way would settle the case, and the remaining issues were not supported by the evidence, and, if answered by the jury, could not under the evidence control the case one way or the other. Appellant made no request for submission of the issue of fraud or bad faith of Harkey. Up-

on the jury's above answer, judgment was for plaintiff for $833. Defendant has appealed.

Three assignments of error are urged as follows: (1) That the verdict is contrary to the evidence; (2) that the judgment is contrary to the law; and (3) that the court erred in refusing to peremptorily instruct for appellant.

In the view we take of the case, it is not necessary to determine whether the first assignment is entitled under the rules to be considered.

■ The issue of Harkey's fraud or bad faith was a special defense, and, since it was not submitted to the jury nor requested by appellant, it was waived. We find it unnecessary therefore to determine whether the evidence was sufficient to support such defense.

The record shows that insured was 41 years old in 1926, when he made the application. He had been subject to epileptic fits from the time he was a very small child. All of the witnesses, including the medical experts, testified that his general health was good but for these fits to which he was subject. He was employed on a ranch, and performed good service, and there were sometimes intervals of two years or more when his malady did not give him any trouble. Harkey had lived in the same town and had known him from his boyhood, and while he testified he did not personally know he had epilepsy, he did know from general report in the community that he was subject to these fits. The evidence does not raise any fact issue upon his knowledge, except that it was acquired from hearsay.

The following extracts are taken from the testimony of Muse, appellant's secretary: "Mr. Harkey was not my agent, only in this way. I met Mr. Harkey and Mr. Brown sometime after I had organized. I first met Mr. Brown and he got after me—let's exchange policies. I'll take one with you, if you will take one with me, and he done the same thing with Mr. Harkey, and I told him, if you have a good risk—I want no one but good risks— and I want to build this up, and if you have one that wants a little more insurance, you can write them in mine, and he said that he wouldn't take anybody for me that he wouldn't take himself. As to how many applications he ever sent me—he sent me that one. I will state to the jury that that is all the authority that any person in San Saba County had to write a policy or application for me. * * * Mr. Harkey did not have any authority to take an application for me from any person not a member of the association that he represented—he told me that he wouldn't. Neither did he have any authority from me or anybody connected with my association to take an application from any person not in good health. That's the one thing that I told him I was building on, because every time I had a death it cost me

twenty-five or thirty members, and the less deaths you have the less you pay out of your semi-annual dues. * * * I only told Mr. Harkey to send me such applications where he had written the person in his company, and the person wanted insurance in another company. He could write them in both companies at the same time. I left it up to him as to whether or not a person was in good health, and I wanted good risks. That's the only kind that I would take. I left it up to the application. I told him that I wanted good risks, and for him to investigate that fact. I told him that I wanted no one but good risks."

██ This testimony conclusively shows that Harkey had authority, not only to take and send in applications, but to determine whether the risk was good, and to investigate the facts in that regard. We do not consider the instructions to Harkey that he was only to write those who were members of his association. and only to write persons in good health as a limitation upon his authority. Certainly the latter could not be so construed. In so far as the former is concerned, the application upon its face showed that assured did not "carry other life insurance," and therefore charged appellant with knowledge that he was not a member of Harkey's organization.

█ Under the authority of Southern Mutual Fire Ins. Co. v. Mazoch Bros. (Tex. Civ. App.) 291 S. W. 257 (writ of error dismissed), and the cases therein cited, appellant was bound by knowledge of its agent Harkey, and will not be heard to assert the invalidity of the policy by virtue of the misstatement alleged.

The trial court's judgment is affirmed.

Affirmed.