## PEOPLE'S MUT. LIFE ASS'N v. CAVENDER.

### No. 1140.

Court of Civil Appeals of Texas. Waco.

Jan. 28, 1932.

Rehearing Denied March 3, 1932.

Lem Wray and Farrar & Stovall, all of Waxahachie, for appellant.

J. T. Spencer and J. C. Lumpkins, both of Waxahachie, for appellee.

BARCUS, J.

Appellant is a mutual life association. On April 22, 1929, L. S. Cavender, the husband of appellee, applied for membership in said association. In said application he stated he was in good health and that he had never undergone a surgical operation. The application further provided: "I hereby certify that the answers to the above questions are true and correct and shall form the basis and become a part of the contract between me and the Peoples Mutual Life Association, and if found to be false, I hereby forfeit all claims accruing under any certificate that may be issued to me and authorize the secretary to cancel same. Agents are not authorized to make, alter, or modify any provision of this contract and any representation made by any agent and not contained herein shall not bind the association in any way."

Appellant issued its certificate of insurance on April 22, 1929, to L. S. Cavender, payable to appellee. Said certificate states that it was based on Mr. Cavender's application and on the constitution and by-laws of the association. It further states that "If any untrue statements or misrepresentations in any way have been made in the application as to age, health or past health record, or any other question that would materially increase the risk assumed, this certificate becomes null and void."

Article 15 of the by-laws of appellant provides that "Every member shall be strictly bound by the statements made in his application for membership. * * * If any untrue statements are found in the application and if any or all of said statements would in any way be material, or would in any way affect the risk assumed by this association, or if they be such as to deceive or misstate or conceal any fact or facts, that this association if it had known the true facts, would have considered sufficient grounds to refuse to accept such application and would have therefore rejected said application, such acts

and misstatements shall, without any action on the part of this association whatever, automatically void said policy."

On September 24, 1929, Mr. Williams, the secretary of appellant, having learned that Mr. Cavender was suffering with tuberculosis, returned to Mr. Cavender the $6 paid at the time he made his application, and notified him that he had canceled the policy, stating in said letter that he was canceling the certificate because he had misstated the condition of his health. On October 12th, Mr. Cavender died from pulmonary tuberculosis. Appellant having failed to pay said policy, this suit was instituted by appellee to recover the $1,000 due thereon.

Appellant in its answer alleged the policy was unenforceable because of the false statements made in the application by Mr. Cavender to the effect that he was at that time in good health and his statement that he had not had a surgical operation; its contention being that at said time he was suffering with tuberculosis and that he had, a few months prior thereto, a surgical operation for sinus trouble. In response to special issues, the jury found that at the time the application was made Mr. Cavender was in good health and free of all ailments; that he had had a surgical operation for sinus trouble prior to said date, but that he had entirely recovered therefrom and that said operation did not in any way contribute to his death, and that he had completely recovered from his sinus trouble at the time he made application. It further found that at the time the statement was made in the application that he had not had any surgical operation; that Mr. Cavender explained to Mr. Voorhies, appellant's agent, the kind of treatment he had received from the doctor in connection with the sinus trouble and that Voorhies and Cavender jointly decided that Mr. Cavender had not had a surgical operation and that Voorhies then wrote said answer in said policy. The jury found that Cavender died with pulmonary tuberculosis. Based on said findings, the trial court entered judgment for appellee for the amount called for in the policy.

■ Appellant presents a number of assignments of error. Its main contention being that, under the undisputed facts as well as under the findings of the jury, the trial court should have entered judgment denying appellee any recovery. Its theory being that since the application states that Mr. Cavender had not had any surgical operation, and since the evidence shows and the jury found that he had had a surgical operation, appellee could not recover because the application provides that, if there is any false statements in the application, same made the certificate of insurance void. We overrule this contention. While the application does provide that any false statements would avoid the policy, said statement should be read in connection with the certificate of insurance issued as well as the constitution and by-laws; all of said documents being specifically made a part of the certificate of insurance. The certificate issued as well as the by-laws of appellant provide specifically that material misrepresentations shall avoid the policy. We think the certificate of insurance when read in the light of the by-laws, application, and certificate means that only material misrepresentations shall avoid the certificate of insurance. The law is well settled that, where there are conflicts between statements contained in the application for and the policy of insurance issued, the courts will construe same most favorable to the insured. Guarantee Life Ins. Co. v. Evert (Tex. Civ. App.) 178 S. W. 643, par. 5 (error ref.) and authorities there cited.

■ The record in this case shows that in January, 1929, Mr. Cavender had sinus trouble and the doctor, in order to relieve the malady and drain the pus, punctured the frontal bone, making a very small hole; that thereafter Mr. Cavender went immediately home and to work on the farm. He returned to the doctor for treatment several times. The jury found that at the time the application was made Cavender had entirely recovered from the sinus trouble, and that it did not in any way contribute to his death. It therefore affirmatively appears that said statement was not in any way material to the risk.

We have examined all of appellant's assignments of error as well as its propositions, and same are overruled. The judgment of the trial court is affirmed.