## WASHINGTON NAT. INS. CO. v. BROCK.

### No. 7875.

Court of Civil Appeals of Texas. Austin.
May 24, 1933.

Rehearing Denied June 7, 1933.

McCartney & McCartney, of Brownwood, for appellant.

Wilkinson & Wilkinson, of Brownwood, for appellee.

BLAIR, Justice.

Appellee sued appellant on a health and accident insurance policy, issued to him by appellant, providing for a weekly indemnity of $50 in case of total disability and $25 in case of partial disability. Appellee alleged that he was seriously injured in an automobile accident, on account of which he was totally disabled for 109 days and partially disabled for 20 days; and on the trial to the court without a jury recovered judgment for $1,177, with 6 per cent. interest from date of judgment. Appellant set up as defenses several alleged false statements made by appellee in his application for the insurance, which it contended in the trial court and here contends rendered the policy void under the terms of the insurance contract. The false statements alleged to have been made by appellee in the application were that in answer to the question, "What accident or health insurance do you carry?" appellee answered, "Dropping M. B. H. A. for this policy"; whereas, at that time he was carrying such insurance in other than the companies named. And that in answer to the question, "Have you ever made claim for or received indemnity on account of any injury or illness?" appellee answered, "No"; whereas, appellee had made claim for and was paid in June, 1924, $55.95 on account of disability caused from "pruritis" by a certain company; and that in the year 1928, he had made claim for and was paid $46.45, on account of sickness commonly called "flu," by another named company.

Appellant further alleged that believing and relying upon, the representations to be true, and having no knowledge to the contrary, it issued and delivered the policy to appellee involved in this suit; and that it would not have issued and delivered said policy if it had known the answers to the aforementioned questions were untrue; and that said answers and questions were material to the risk assumed; and that the policy was issued subject to the conditions therein stated, which policy contained a true and correct copy of the application for the insurance, together with the questions and answers aforementioned.

By a supplemental petition appellee alleged that when the application for the policy of insurance sued upon was made by him, one Louis Petty, the duly authorized agent of appellant, solicited, took, and received from appellee the application; that at said time Louis Petty was informed by appellee and knew that appellee was carrying the policies of insurance mentioned in appellant's answer; and also knew that appellee had made the claims for and had been paid the amounts from other insurance companies as alleged in appellant's answer; and that appellant was estopped to say that the answers to the ques-

tions were incorrect, because he gave and informed Louis Petty of the facts and Louis Petty did not include said information in said application; and that said agent was fully informed as to all of said facts before the policy was issued.

Appellant by supplemental answer alleged that the only authority Louis Petty had was to solicit, take, and receive applications for policies of insurance; and that when said policy was delivered to the appellee he was charged with knowledge of its contents, including the application attached to the policy; and that it was his duty to read said policy, including the application, and to inform appellant of the incorrect statement.

The court found that Petty, the soliciting agent of appellant, took the application from appellee; that prior to signing the application appellee informed him as to carrying the two policies alleged by appellant, and also informed him that he had made claim for and been paid weekly indemnity as alleged in appellant's petition; that after said conversation said Petty presented appellee with a blank application for the insurance, and obtained the signature of appellee thereto; and that Petty thereafter filled in the blanks in said application, and without submitting it to appellee, forwarded it to appellant company; and that appellee relied on Petty to fill in the answers in accordance with such prior information. The court also found that appellee had fully recovered from the diseases on account of which he had made claims for indemnities, and that such diseases had no causal connection with the automobile collision on account of which appellee received the injuries complained of herein.

The court further found that appellant had no knowledge of the incorrectness of the answers contained in the application of appellee at the time it issued the policy; and that if appellant had actually known prior to issuing the policy that appellee was carrying policies of insurance with the insurance companies named, it would not have issued the policy of insurance in suit.

It is the contention of appellant that this case is controlled by the general rule that where an application for a policy of insurance, which is made a part of the insurance contract, contains untrue statements with regard to material matters affecting the willingness of the insurer to enter into the insurance contract, and where if true statements had been made the insurance contract would not have been executed, the insurer is not liable. And in applying this rule to the facts appellant contends that it was the duty of appellee in making the application for the insurance policy in suit to give true and correct answers to all material questions contained in the application; and that since he signed the application before any of the

answers to the questions were filled in, relying upon the insurance agent who solicited the business to fill in the answers as he had given them, and not having read the answers actually contained in the application, which in fact he had not given to the agent, he cannot avoid the untruthfulness of the answers, and is bound by the answers found in the application.

There is no question as to the correctness of the general rule of law asserted by appellant; but neither the facts stated and relied upon by appellant nor the facts found in the record bring this case within that rule. The trial court found that appellee made true answers and gave true information to all matters inquired about in the application to appellant's agent who solicited the business; but that the agent, without the knowledge of appellee, either failed to correctly transcribe the answers or write them in the application before sending the application to appellant.

The rule is well settled in this state that where, as the facts show in this case, an insurance agent with authority to solicit business, to make and forward the application for insurance, to collect and transmit premium, and to deliver the policy of insurance, notice to him of any matter affecting the risk involved, and required to be placed in the application, is notice to the insurer; and the insurer will not be permitted to deny liability on the policy on account of the neglect, failure, or fraud of the agent in not informing the insurer of such matters. German Ins. Co. v. Everett, 18 Tex. Civ. App. 514, 46 S. W. 95; Southern Mut. Fire Ins. Co. v. Mazoch Bros. (Tex. Civ. App.) 291 S. W. 257; American Nat. Ins. Co. v. Bailey (Tex. Civ. App.) 3 S.W.(2d) 539; American Surety Co. v. Blaine (Tex. Civ. App.) 9 S.W.(2d) 765; Southern Underwriters v. Jones (Tex. Civ. App.) 13 S.W.(2d) 435; Home Mut. Life Ins. Ass'n v. Pool (Tex. Civ. App.) 18 S.W.(2d) 693; Lee v. Mutual Protective Ass'n (Tex. Civ. App.) 47 S.W.(2d) 402; 32 Corpus Juris, pp. 1067, 1068, § 145; 32 Corpus Juris, p. 330, §§ 587, 588.

The rule is also settled in this state, as was held by this court in the case of American Nat. Ins. Co. v. Park, 55 S.W.(2d) 1088, 1090 (writ of error refused), that: "Where the insured in good faith makes truthful answers to the questions contained in the application, but his answers owing to the fraud, mistake or negligence of the agent in filling out the application are incorrectly transcribed, the company is estopped to assert their falsity as a defense to the policy, for the solicitor of the insurance is the agent of the company, and all statements of assured in the absence of fraud must be deemed representations and not warranties." Home Ins. & Banking Co. v. Lewis, 48 Tex. 622; Texas Banking & Ins. Co. v. Stone, 49 Tex.

4; North American Acc. Ins. Co. v. Trenton (Tex. Civ. App.) 99 S. W. 740; Supreme Lodge of the Fraternal Brotherhood v. Jones (Tex. Civ. App.) 143 S. W. 247; Massachusetts Bonding & Ins. Co. v. Vollmer (Tex. Civ. App.) 246 S. W. 747; Schumann v. Brownwood Mut. Life Ins. Ass'n (Tex. Com. App.) 286 S. W. 200; Mass. Bonding & Ins. Co. v. Worthy (Tex. Civ. App.) 9 S.W.(2d) 388; American Ins. Union v. Monk (Tex. Civ. App.) 16 S.W.(2d) 371; Inter-Ocean Cas. Co. v. Brown (Tex. Civ. App.) 31 S.W.(2d) 333; Prov. Life, etc., Ins. Co. v. Parks, 238 Ky. 518, 38 S.W.(2d) 446; 32 Corpus Juris, p. 1290, § 516; 32 Corpus Juris, pp. 1333–1336, §§ 601 and 603.

Nor is there any merit to the contention of appellant that the duty rested upon appellee to read the application for the insurance, or to have it read to him, either before the application was sent to appellant, or after it was attached to and delivered as a part of the insurance policy sued upon, in order to ascertain if the agent had correctly written his answers in the application. This contention is predicated upon the answer, "Yes," of appellee, claimed to be in the nature of a warranty, to question 16 in the application, which reads: "Do you represent each and all of the foregoing answers to be true and complete, and agree that the falsity of any answer in this application for a policy shall bar the right to recover thereunder, if such answer is made with intent to deceive; or materially affects the acceptance of the risk or the hazard assumed by the company."

This court in construing a similar question and answer held contrary to the contention of appellant in the case of American Nat. Ins. Co. v. Park, supra. It was also held in Schumann v. Brownwood Mut. Life Ins. Ass'n (Tex. Com. App.) 286 S. W. 200, 202, as follows: "But it is suggested that it was the duty of the insured to read his application before he signed it and be sure his answers had been correctly written therein. This is not the law, unless the insured so agrees in the contract. * * * In this case there was nothing to cause the insured to suspect that Martin would falsify his answers. That being true, he had a right, under the authorities we have reviewed, to rely upon Martin's honesty in filling out the application." Equitable Life Ins. Co. v. Hazlewood, 75 Tex. 338, 12 S. W. 621, 7 L. R. A. 217, 16 Am. St. Rep. 893; Massachusetts Bonding & Ins. Co. v. Worthy (Tex. Civ. App.) 9 S.W.(2d) 388.

We are also of the opinion that even though the answers falsely stated that appellee had not made any claim for and had not been paid indemnity under any other policy of insurance, appellant is not relieved of liability on the policy in suit, because appellee was not responsible for the false answers, and because the trial court found that such matters were neither material to the risk assumed nor actually contributed to the contingency or event on which the insurance sued for became due and payable under the undisputed evidence adduced. The claims paid appellee by other insurers were a claim for pruritis in 1924 and a claim for a light case of "flu" in 1928. Manifestly, there is no causal connection between these and the injury received by appellee in car wreck in 1931, which injuries constitute the basis of the claim in this suit. The question here presented and the findings and conclusions of the trial court thereon are controlled by and are in accordance with the provisions of subdivision 4 of article 4732, and articles 5043 and 5045, R. S. 1925. See, also, Guarantee Life Ins. Co. v. Evert (Tex. Civ. App.) 178 S. W. 643; Mass. Bonding & Ins. Co. v. Vollmer (Tex. Civ. App.) 246 S. W. 747; Southern Surety Co. v. Butler (Tex. Civ. App.) 247 S. W. 611; First Texas Prudential Ins. Co. v. Gamble (Tex. Civ. App.) 257 S. W. 1005; Southern Surety Co. v. Benton (Tex. Civ. App.) 267 S. W. 302; Southland Life Ins. Co. v. Norton (Tex. Civ. App.) 297 S. W. 1083; Southern Surety Co. v. Soloman (Tex. Civ. App.) 4 S.W.(2d) 599; Huey v. American Nat. Ins. Co. (Tex. Civ. App.) 45 S.W. (2d) 340; People's Mut. Life Ass'n v. Cavender (Tex. Civ. App.) 46 S.W.(2d) 723; First Texas Prudential Ins. Co. v. Pipes (Tex. Civ. App.) 56 S.W.(2d) 203; American Central Life Ins. Co. v. Alexander (Tex. Com. App.) 56 S.W.(2d) 864.

The judgment of the trial court will be affirmed.

Affirmed.